CITY OF TONAWANDA, Respondent, *v.* TONAWANDA THEATER CORP., Appellant.

Fourth Department, February 15, 1968.

*Sheldon Hurwitz* and *Irving Green* for appellant.

*Herbert J. Heimerl, Jr., City Attorney (Nicholas J. Longo* of counsel), for respondent.

WILLIAMS, P. J.  The problem before us for decision is whether or not an ordinance of the City of Tonawanda which requires that all "Drive-in Theatres" conducted in the city be licensed by the Mayor, is constitutional.

Concededly, the defendant is operating such a theatre, is not licensed and has never applied for a license.  The complaint alleges that there is a licensing ordinance and requests that defendant be enjoined and restrained from operating in violation of said ordinance.  The ordinance itself is not a part of the complaint, but both parties agree to its content and have made it a part of the record.  In any event, we may take judicial notice thereof (CPLR 4511, subd. [b]).  The appeal is from that part of an order which denied the defendant's motion to dismiss the complaint for failure to state a cause of action.

The ordinance, if valid, requires a license fee of $1 per speaker and prohibits a drive-in theatre from operating "unless duly licensed hereunder, and having first obtained said license from the Mayor of the City of Tonawanda, New York for that purpose" (§ 4).

Section 7 of the ordinance provides: "All licenses herein provided for shall be procured from the Mayor of the City of Tonawanda, *and issued at his discretion,* and any such license may be revoked by said Mayor for cause in accordance with the Laws of this City, County, State and Country." (Emphasis supplied.) That section also provides that each applicant shall file a signed, written application "giving such information as required by the Mayor of the City."

There is a clause relating to sound and noise in the ordinance, but there is no claim in the complaint or otherwise that that clause was violated.

Thus, we have a so-called licensing ordinance under which licenses shall be issued and may be revoked in the sole discretion of the Mayor.  There are no standards, policies or rules set forth to control or guide the discretion of the Mayor.  The matter is left entirely to him, and he may license or not as he sees fit, for any reason or for no reason.  Similar legislative provisions have repeatedly been held to be unconstitutional delegations of legislative authority.  (*Matter of Small* v. *Moss,* 277 N. Y. 501, 507; *Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488; *People* v. *Klinck Packing Co.,* 214 N. Y. 121.)

Under this ordinance, the Mayor could license one of two drive-in theatres and deny a license to the other even though the operations were substantially similar and there were no really distinguishing features between the two.  He would have to give no reasons, nor would he have to follow any standards or for-

mulæ. His determination could be capricious or whimsical. Nothing in the ordinance would prohibit this.

The Special Term Justice, in denying the application to dismiss the complaint, relied on *Matter of Marburg* v. *Cole* (286 N. Y. 202) and *Matter of Bologno* v. *O'Connell* (7 N Y 2d 155). Neither case is authority for permitting the wide and unrestricted delegation sought to be given to the Mayor under the ordinance before us.

In the *Marburg* case, the Commissioner of Education and the Board of Regents had the power to permit an applicant to practice medicine in the State of New York without the necessity of taking a licensing examination, provided he could meet certain standards set up by the State Legislature. Under then section 51 (now § 211) of the Education Law, the Board of Regents had the power to indorse a license issued by a foreign State or country " upon satisfactory evidence that the requirements for the issuance of such license were substantially the equivalent of the requirements in force in this state when such license was issued, and that the applicant has been in the lawful and reputable practice of his profession for a period of not less than five years prior to his making application " (pp. 206–207). Alternately, under section 1259 (now § 6509) of the Education Law, discretion was given to the Commissioner of Education, with the approval of the Board of Regents, to indorse a license issued by a foreign State or country when the applicant had met all the preliminary and professional qualifications required for earning a license on examination in this State, had been in reputable practice for a period of 10 years and had reached a position of conceded eminence and authority in his profession. The Court of Appeals held that the petitioner had not met the standards required, and his proceeding seeking to obtain a certificate was dismissed. Therefore, there is no real similarity between the *Marburg* case and the present case inasmuch as definite standards were set up in *Marburg* under which discretion could be exercised, but there are none in the case before us.

In the *Bologno* case, the court decided that the Commissioner of Licenses had exceeded his authority in denying petitioner's application for a license to conduct business as a junk dealer. He was, the court said, without general discretion to provide for the health, safety and general welfare of the community. Of particular interest is this statement from the opinion, after referring to the *Marburg* case: " However this is obviously not to be construed as a grant of limitless authority to provide for the health, safety and general welfare. Administrative *discretion* must be guided by an express or clearly implied standard,

policy or purpose." (p. 159.) This is an excellent statement of the general rule and it applies to this case against rather than in favor of the plaintiff, the City of Tonawanda.

The limitations on legislative powers of delegation are well defined in *Matter of Seignious* v. *Rice* (273 N. Y. 44, 50–51):

"The Legislature may delegate to the administrative officer who has been given control of the granting of licenses a measure of discretion in the formulation of tests for the determination of fitness of applicants for a license. (*Douglas* v. *Noble,* 261 U. S. 165; *Matter of Elite Dairy Products, Inc.,* v. *Ten Eyck,* 271 N. Y. 488.) The Legislature cannot grant to an administrative officer plenary power to discriminate between applicants, requiring some to prove their fitness and granting a license to others without such proof. The Legislature is free to choose among conflicting considerations, and mould the law according to its own will subject only to constitutional restrictions. It cannot delegate the same freedom of choice to an administrative officer. There it must erect guide posts which will enable the officer to carry out the will of the Legislature.

"We may assume that in the exercise of the powers which the Legislature has sought to confer on the Commissioner of Health he will act reasonably. None the less, if the statute is valid, he may pick and choose among individuals without formulating a general standard to be used in classification and without being bound by any standard formulated by the Legislature. That is not the grant of an incidental power, it is the delegation of a legislative power. It is indeed more than that; it is the grant of a power to discriminate in the matter of a man's right to continue to carry on his business, not only between classes of applicants, but even between individuals in accordance with his own judgment of what is best in that particular case. That the Legislature has no power to do. (*People* v. *Klinck Packing Co.,* 214 N. Y. 121.) "

Another good statement of the general rule as to the right of a legislative body to confer discretion is contained in *Matter of City of Utica* v. *Water Pollution Control Bd.* (5 N Y 2d 164, 168–169): " The Legislature may constitutionally confer discretion upon an administrative agency only if it limits the field in which that discretion is to operate and provides standards to govern its exercise. [Citations.] That does not, however, mean that a precise or specific formula must be furnished in a field ' where flexibility and the adaptation of the [legislative] policy to infinitely variable conditions constitute the essence of the program.' [Citation.] It is enough if the Legislature lays down ' an intelligible principle ', specifying the standards or guides

in as detailed a fashion as is reasonably practicable in the light of the complexities of the particular area to be regulated. [Citations.] ''

A reasonable amount of discretion may be delegated to an administrative official, but not an unreasonable and wholly unrealistic and unlimited amount. (*Matter of Marburg* v. *Cole, supra*, pp. 211–212.)

The following portions of the opinion in *Matter of Small* v. *Moss* (279 N. Y. 288) are pertinent: '' In conferring upon an officer of the city power to grant licenses for theatres, the Legislature has failed to provide, in express terms, any standard or rule which should be applied by the officer in determining whether in a particular case a license should be granted or withheld.'' (p. 291).

'' This court has repeatedly pointed out that the courts may not invade the field of discretion conferred by law upon an administrative officer. It has also pointed out that such field of discretion must be defined by the Legislature. The Legislature must set bounds to the field, and must formulate the standards which shall govern the exercise of discretion within the field. Without the second rule as a corollary to the first rule there would be no effective restraint upon unfair discrimination or other arbitrary action by the administrative officer.'' (pp. 298–299).

It has been suggested that this is a revenue ordinance rather than strictly a licensing provision. However, that will not save it because taxing provisions should be basically uniform and equal and should not permit discretionary or unfair application. (*Matter of Village of Gowanda* v. *County of Erie*, 25 A D 2d 18, 24, affd. 19 N Y 2d 735.)

It follows that the order, insofar as appealed from, should be reversed and the complaint dismissed.

GOLDMAN, HENRY, DELVECCHIO and MARSH, JJ., concur.

Order, insofar as appealed from, unanimously reversed and complaint dismissed, with costs.