■ FRANCIS M. McINERNEY, JR., et al., Appellants, v VILLAGE OF BELLPORT, Respondent. — In an action, *inter alia,* to declare a village ordinance unconstitutional and unenforceable per se and as applied to plaintiffs' property, they

appeal from an order of the Supreme Court, Suffolk County (McInerney, J.), entered January 6, 1981, which granted defendant's motion to dismiss the complaint, upon the court finding that the plaintiffs had not exhausted their administrative remedies. Order reversed, without costs or disbursements, motion denied and complaint reinstated. Although the complaint is not artfully drafted, there is language sufficient to serve as the basis of an action seeking a declaration that the defendant's zoning ordinance is unconstitutional. In the third cause of action plaintiffs aver that the ordinance provisions were not promulgated with the purpose of promoting the health, safety and general welfare of the Village of Bellport. An examination of the facts alleged in the complaint and the ordinance provisions being challenged, lead us to believe that a cause of action has been sufficiently stated (*Penataquit Assn. v Furman*, 283 App Div 894; *Hammond v Town of Caldwell*, 282 App Div 798; see *Dowsey v Village of Kensington*, 257 NY 221). Failure to exhaust their administrative remedies under the zoning ordinance did not preclude plaintiffs from attacking its unconstitutionality (see *Matter of Grimpel Assoc. v Cohalan*, 41 NY2d 431; *Levitt v Incorporated Vil. of Sands Point*, 6 NY2d 269, 273). We find it unnecessary to consider the legal sufficiency of the other causes of action since it is clear that once a motion is made to dismiss the complaint as a whole, such motion should be denied in its entirety so long as one of the causes of action is legally sufficient (see *De Maria v Josephs*, 41 AD2d 655; *Griefer v Newman*, 22 AD2d 696). Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.