OPINION OF THE COURT

Per Curiam.

Inasmuch as on this record there is a failure of proof of irreparable injury to plaintiff, the Appellate Division did not commit error as a matter of law when it denied plaintiff’s application for a preliminary injunction.
This action was instituted for injunctive and declaratory relief, challenging the “State Program for Voter Registration” promulgated in the Governor’s Executive Order No. 43, dated July 9, 1984. In expedited proceedings, Special Term issued a preliminary injunction enjoining defendants from implementing the program; on appeal the Appellate Division reversed and denied plaintiff’s motion for such relief. That court thereupon granted plaintiff permission to appeal to our court on the certified question, “Did this court err as a matter of law in revérsing the order of Special Term and denying plaintiff’s motion for a preliminary injunction?”
As noted by the Appellate Division, one of the prerequisites for the issuance of a preliminary injunction is a showing of irreparable injury to the applicant if that relief is not granted. Even if we assume that any injury to plaintiff would be irreparable in the time-frame and circumstances of this case, on the record before us there is a failure of proof to show any such injury. Of course, the implementation of an informational and promotional program by the agencies of government which would lead to the voluntary registration of additional voters would not of itself result in injury to plaintiff. Legally cognizable injury might occur, however, if the implementation of the program were to be affected by discrimination, for example, as *99 to geography, demographics or directly as to party enrollment, but there is before us no tender of proof as to any such discrimination nor does plaintiff assert any such claim. Although employment of duress or other improper method would also constitute such injury, again, no proof is tendered to support any such claim.
Nor, in support of his claim of irreparable injury, has plaintiff demonstrated on the present submission in support of his application for a preliminary injunction that the “Program for Voter Registraton” at issue here is more than a program to encourage registration or that it comes within the ambit of section 8 of article II of the Constitution or of section 5-210 (subd 6, par [a]) of the Election Law. Plaintiff cannot, therefore, advance theories of injury stemming from alleged denial of bipartisan participation under either of these provisions (see paragraphs 30 to 37 of his verified complaint) to sustain his entitlement to a preliminary injunction against this program.
Accordingly, the order of the Appellate Division should be affirmed, without costs, and the certified question answered in the negative.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order affirmed, etc.