GEORGE L. CLARK, JR., Individually and as Chairman of the New York Republican State Committee, Respondent, v MARIO M. CUOMO, as Governor of the State of New York, et al., Appellants.

Third Department, December 13, 1984

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Robert Hermann* and *John Q. Driscoll* of counsel), for appellants.

*Thomas J. Spargo* for respondent.

*Arthur Eisenberg* for New York Civil Liberties Union, *amicus curiae.*

*Julius Chambers, Joel Berger* and *Lani Guinier* for The League of Women Voters of New York State and others, *amici curiae.*

### OPINION OF THE COURT

MAHONEY, P. J.

On July 9, 1984, Mario M. Cuomo, the Governor of the State of New York, issued Executive Order No. 43 establishing within the executive branch a State program to encourage voter registration. Part I of the executive order directs State agencies which have regular business contacts with the public to "conduct voter registration projects to assist citizens of the State in registering to vote". This goal is to be accomplished by making mail registration forms available to persons interested in registering to vote and making staff members available to assist them in filling out the forms. Part II of the executive order creates a "Voter Registration Task Force", made up of certain commissioners and agency heads, which is to meet quarterly and, *inter alia*, develop training programs for State employees involved in the voter registration effort.

George L. Clark, Jr., Chairman of the New York Republican State Committee, commenced this action against Governor Cuomo and Henrik Dullea, Director of State Operations and Chairman of the task force, seeking to have Executive Order No. 43 declared unconstitutional and to permanently enjoin implementation of the order. Special Term, by order to show cause dated July 12, 1984, granted plaintiff a temporary restraining order prohibiting defendants from implementing said order. To preserve the *status quo* until the action could be determined, Special Term, by decision dated August 1, 1984, granted plaintiff's motion for a preliminary injunction upon finding that the

executive order exceeded the authority of the Governor and transgressed upon the province of the Legislature by establishing "a State program for registration". (123 Misc 2d 885, 891.) This court, by decision dated September 7, 1984, reversed Special Term's order on the ground that plaintiff was not entitled to a preliminary injunction due to his failure to prove irreparable injury (103 AD2d 244). The Court of Appeals affirmed for the same reasons (63 NY2d 96). Thereafter, this action was returned to Special Term where an expedited nonjury trial was held for a final determination. By decision dated September 25, 1984, Special Term declared Executive Order No. 43 "unlawful, unconstitutional and void" and enjoined defendants from implementing said order (125 Misc 2d 968). Special Term's holding rests upon a finding that the executive order violated the separation of powers doctrine. Upon the filing of a notice of appeal by defendants, a statutory stay went into effect pursuant to CPLR 5519 (subd [a], par 1). By order dated October 2, 1984, such stay was vacated by this court on plaintiff's motion. This appeal is from Special Term's order entered September 26, 1984.

Essentially, plaintiff advances two arguments attacking the validity of Executive Order No. 43. First, plaintiff asserts that section 8 of article II of the New York State Constitution and the implementing statutes mandate that voter registration be conducted in a bipartisan manner and that the subject order violates that mandate. Next, plaintiff asserts that the Governor does not have the authority to issue Executive Order No. 43 and, in so doing, has usurped the power of the Legislature and contravened the voter registration system enacted by that body. We reject both of these contentions.

Article II of the State Constitution sets forth the qualifications necessary to vote. Section 8 of article II, the section relied upon by plaintiff, provides, in part: "All laws creating, regulating or affecting boards or officers charged with the duty of registering voters * * * shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes." Plaintiff's contention that the executive order violates this section because its voter registration program is being controlled by the Democratic Party through the Governor and the hand-picked political appointees that he placed on the Voter Registration Task Force rests upon a misreading of the order. Executive Order No. 43 does not violate section 8 of article II of the State Constitution because it does not create a board "charged with the duty of" registration. Rather, the order merely provides a means to make

registration forms available to the public. By statute, a person is not registered until the application form is reviewed and examined by at least two members of the county board of elections who shall represent the two major parties (Election Law, § 5-210, subd 6, par [a]). The Court of Appeals, in its *Per Curiam* opinion affirming this court's denial of a preliminary injunction, noted that plaintiff failed to prove that Executive Order No. 43 comes within the ambit of either section 8 of article II of the State Constitution or section 5-210 (subd 6, par [a]) of the Election Law, such that plaintiff had no claim of alleged denial of bipartisan participation under these statutes (63 NY2d 96, 99, *supra*). Although the Court of Appeals specifically limited that determination to the evidence before it, plaintiff offers no additional proof in this record that the executive order, on its face, violates any mandate of bipartisanship.

Turning to the question of whether Executive Order No. 43 is unconstitutional in that it violates the separation of powers doctrine, we conclude that it does not. Specifically, section 5 of article II provides that: "Law shall be made for ascertaining, by proper proofs, the citizens who shall be entitled to the right of suffrage hereby established, and for the registration of voters". Section 6 of article II further provides that "[t]he legislature may provide by law for a *system or systems of registration*" (emphasis added). In carrying out this constitutional mandate, the Legislature has created a comprehensive legislative plan addressed to the registration of voters. In addition to establishing residence and age requirements (Election Law, §§ 5-102, 5-104), the Legislature created a State Board of Elections whose duty it is, among other things, to "take all appropriate steps to encourage the broadest possible voter participation in elections" (Election Law, § 3-102, subd 13). To this end, the Legislature enacted section 5-210 of the Election Law, which permits voter registration by mail and, therefore, makes registration easier. Further, the Legislature mandated that boards of elections give registration forms to "any person" and "cause such application forms to be as widely and freely distributed as possible" (Election Law, § 5-210, subd 2). Nowhere does this language require that the board itself must hand deliver these applications, and, in fact, several citizens groups, on their own, carry out this legislative mandate and freely distribute such forms.

After a comprehensive review of the relevant sections of the State Constitution and Election Law cited above, we are of the view that the Legislature has explicitly declared a public policy in favor of the broadest voter participation in elections as well as

the widest distribution possible of mail registration applications. Instead of creating a new system of registration, which is clearly the responsibility of the Legislature (NY Const, art II, § 6), the executive order is merely using the existing system outlined by the Legislature in the Election Law. Therefore, contrary to Special Term's decision, we conclude that the executive order does not seek to create "a State-wide program for voter registration and enrollment in political parties" (*supra*, p 969), nor does it infringe on any power explicitly delegated to the Legislature in our State Constitution. The order does not call for the registration of voters by anyone other than the boards of elections and it clearly has nothing to do with the enrollment of persons in political parties. As was noted in *Rapp v Carey* (44 NY2d 157), the Governor has the authority to implement existing legislation without conflicting with the separation of powers doctrine.

Turning to the issue of implementation, we are of the view that some modification of the mechanics of transmittal of the completed registration forms is necessary. The guidelines, as implemented by the Voter Registration Task Force, call for locked receptacles to be left at each table where registration forms are available. Persons picking up a form have the option of taking it with them and mailing it themselves, or completing the application form and depositing it in the locked receptacle. These receptacles are either picked up by agents of the local boards of elections or delivered to the local board by a member of a particular agency. Since each county is to work this out with its local board of elections, the program is not likely to be uniform throughout the State. Therefore, in carrying out the passive objective of making registration forms more available and accessible to the public, agency personnel should not handle completed forms. This can be accomplished by informing each person that completed forms should be mailed directly to the local board of elections. This methodology would have the added advantage of making locked receptacles unnecessary.

Finally, we disagree with Special Term's decision that the signs displayed at the various State agencies contain "boldfaced announcements encouraging enrollment in a political party". The signs are enlarged copies of mail registration forms and the only reference to enrollment is the notation: "To vote in a primary election, you must register in a party." Clearly, such signs cannot be construed as uncontroverted evidence that assistance is offered in the enrollment process.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs. Executive Order No. 43 declared to be constitutional, and defendants and the Voter Registration Task Force are enjoined from providing receptacles for completed voter registration forms at those agency locations where the forms are made available.