■ DEAN McCLURE et al., Respondents, v BOARD OF TRUSTEES OF THE VILLAGE OF SALTAIRE et al., Appellants.—In an action, *inter alia,* for a judgment declaring a village ordinance unconstitutional and unenforceable per se and as applied to the plaintiffs' property, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated July 19, 1985, which, after a hearing, adjudged the ordinance unconstitutional as applied to the plaintiffs' property, and directed the village to issue a building permit for the erection of an above-ground swimming pool.

Judgment modified, on the law, by deleting from the second decretal paragraph the words "Incorporated Village of Saltaire" and substituting therefor the words "Board of Trustees of the Village of Saltaire". As so modified, judgment affirmed, without costs or disbursements.

The zoning ordinance of the Village of Saltaire which is challenged here (Saltaire Village Code § 55-6 [b]), prohibits, *inter alia,* "the construction of swimming or diving pools or hot tubs with a capacity in excess of five hundred (500) gallons". After a full hearing, Special Term determined that the zoning ordinance was unconstitutional as applied to the plaintiffs' property. We agree.

The evidence at the hearing established that the Village of Saltaire is an almost totally residential community located on Fire Island. It consists of approximately 270 residences, the

majority of which are situated on relatively small parcels of land. The village's ordinances permit the erection of buildings and accessory structures on up to approximately 25% of the total land area of a parcel.

The plaintiffs own what appears to be one of the largest parcels of land in the village, comprised of 22,665 square feet of land located on the village's periphery. It is improved by their one-family dwelling which uses 1,695 square feet, or 7.5% of their parcel. The plaintiffs' parcel is not ocean-front property nor is it located in an area designated as wetlands.

The above-ground swimming pool that the plaintiffs propose to construct on their property would require the use of an additional 1,218 square feet, increasing the plaintiffs' use of the total parcel to 12.8%, or slightly more than half the allowable maximum. The defendant Board of Trustees of the Village of Saltaire conceded that the plaintiffs have more than adequate available space on their property to construct the swimming pool without violating any other village ordinance, and in fact, other than the proposed swimming pool, the plaintiffs could legally build many additional structures on their property. Further, it does not appear that the plaintiffs' proposed construction runs afoul of any Federal guidelines applicable to Fire Island.

The sole obstacle preventing the plaintiffs from constructing the above-ground swimming pool on their property is the above zoning regulation, as the plaintiffs' pool would have a capacity of 18,850 gallons of water and the defendants' regulation prohibits the construction of any swimming pool with a capacity in excess of 500 gallons. At the hearing, the defendants were completely unable to justify that limitation, at least with respect to the plaintiffs' parcel. In fact, it was clear from the testimony of the former Mayor of the village that the 500-gallon figure had been selected arbitrarily, and was not the result of a scientific or any other type of study.

Additionally, the defendants failed to substantiate any of the 14 reasons put forth as the grounds for the prohibition of swimming pools with more than a 500-gallon capacity. Instead, the plaintiffs established that none of the asserted reasons bore any "reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end" *(French Investing Co. v City of New York,* 39 NY2d 587, 596, *cert denied* 429 US 990). Therefore, Special Term was correct in finding that the zoning ordinance was unconstitutional as applied to the plaintiffs' property.

This is not to say that the defendants may not be able to justify the 500-gallon limitation with respect to other and smaller parcels within the village. However, insofar as the plaintiffs' property is concerned, the instant ordinance is unreasonable as it has been shown to be without substantial relation to any legitimate governmental purpose *(see, French Investing Co. v City of New York, supra).*

We note further that as the complaint attacked the zoning ordinance both as unconstitutional per se and as applied to the plaintiffs, the plaintiffs were not required to first exhaust their administrative remedies *(see, e.g., Loretto v Teleprompter Manhattan CATV Corp.,* 53 NY2d 124, 138, *revd on other grounds, remanded* 458 US 419; *McInerney v Village of Bellport,* 87 AD2d 861). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.