■ TOMPKINS COUNTY BOARD OF HEALTH et al., Appellants, v KIM K. WHETZEL, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered June 7, 1990 in Tompkins County, which denied plaintiffs' motion to hold defendant in contempt.

Plaintiffs commenced an action alleging that defendant's septic system at 608 Valley Road in the Town of Caroline, Tompkins County, violated numerous provisions of the County Sanitary Code, including improper septic filtration. Defendant answered the complaint asserting a general denial. While plaintiffs' motion for summary judgment striking defendant's answer was pending, the parties stipulated that defendant would replace the existing septic system with a system approved by the County Health Department and to have the system inspected no later than June 30, 1985.

When defendant failed to timely comply with the stipula-

tion's terms, plaintiffs moved to, *inter alia,* compel defendant's compliance. An order dated August 14, 1989 was entered directing defendant to furnish a certificate of completion to Supreme Court by September 11, 1989. After defendant replaced his septic system using clay and plastic liners, he was advised by plaintiffs that the new system was in compliance with the Sanitary Code. Subsequently, however, defendant was advised that the new septic system violated the Sanitary Code because there were two separate buildings connected to the single septic system. Defendant refused to disconnect one of the buildings from the system. By order to show cause, plaintiffs moved for an order of contempt. Supreme Court denied plaintiffs' motion, holding that the section of the Sanitary Code relied upon by plaintiffs was not rationally related to its legislative objective. This appeal by plaintiffs ensued.

We affirm. While there is a strong presumption that a legislative enactment is constitutionally valid *(see, Tilles Inv. Co. v Town of Huntington,* 74 NY2d 885, 888; *People v Smith,* 63 NY2d 41, 71, *cert denied* 469 US 1227), it may be found invalid "if there is no reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end" *(French Investing Co. v City of New York,* 39 NY2d 587, 596, *appeal dismissed, cert denied* 429 US 990; *see also, McClure v Board of Trustees,* 121 AD2d 699; 20 NY Jur 2d, Constitutional Law, §§ 221-222, at 325-327). Here, while plaintiffs' limitation of one septic system per acre of land is rationally related to the prevention of congested septic systems, plaintiffs' limitation of one building per septic system is not rationally related to that purpose. Such a limitation, by not taking into consideration variables such as building size and actual septic use, is not relevant to the efficient control of County septic systems. For example, a duplex could be connected to one septic system. However, if such duplex were divided into two separate structures, the two separate entities would not be permitted to use the same system. Similarly, one large edifice with numerous sinks and toilets could use one septic system, while two small dwellings each with only one sink and commode could not use that same system. Accordingly, we find no rational relationship between the legislative enactment (Tompkins County Health Department Rules and Regulations, art VI, rule III [A]) and its purported objective.

Order affirmed, with costs. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.