■ ROBERT S. WELCHER, Appellant, v THOMAS SOBOL, as New York State Commissioner of Education, Respondent. [636 NYS2d 421] —Mikoll, J. Appeal from an order of the Supreme Court (Hughes, J.), entered August 31, 1994 in Albany County, which, *inter alia*, denied plaintiff's motion for a preliminary injunction.

Plaintiff was awarded permanent certification as a nursery, kindergarten and elementary school teacher in 1966. Further, in 1971 he was granted permanent certification as a school administrator and supervisor and, in 1973 he was granted permanent certification as a school district administrator. After teaching elementary school for five years, he became an administrator in the Liverpool Central School District in Onondaga County, serving there as an assistant principal and as an elementary principal from 1971 through November 29, 1993.

On March 27, 1992 defendant issued a "notice of substantial question as to moral character" to plaintiff, which alleged that he had sexually molested his two nieces between 1969 (when they were between four and five years of age) and 1980. Plaintiff was thereupon placed on leave with pay pending disposition of the allegations. Following a hearing held pursuant to 8 NYCRR 83.4, a three-member panel, with one member dissenting, issued a decision finding that plaintiff committed 25 incidents of sexual abuse or misconduct against his nieces and recommended that his teaching and administrative certificates be revoked. On October 22, 1993 plaintiff appealed the Hearing Panel's decision to defendant. On November 29, 1993 defendant issued a decision dismissing plaintiff's appeal and revoking all of plaintiff's certifications pursuant to the authority of Education Law § 305 (7), vesting defendant with the power to revoke teaching certificates.

Plaintiff then commenced this action for a declaratory judg-

ment, claiming, *inter alia*, that Education Law § 305 (7) was an unconstitutional delegation of legislative power in that it failed to provide any standards or guidance for exercising the power granted. Plaintiff also moved for a preliminary injunction staying enforcement of defendant's order revoking his licenses. At the same time, plaintiff commenced a CPLR article 78 proceeding to review defendant's determination. Defendant then moved to dismiss both the declaratory judgment action and the CPLR article 78 proceeding or, in the alternative, for consolidation.

Supreme Court concluded that it was unlikely that plaintiff would prevail on the merits and denied plaintiff's motion for a preliminary injunction. The court further denied defendant's motion to dismiss and stayed the declaratory judgment action pending decision of the CPLR article 78 proceeding.

We reject plaintiff's argument that Supreme Court erred in denying his motion for a preliminary injunction because Education Law § 305 (7) is an unconstitutional delegation of power in that it fails to provide standards or guidance for defendant. In our view the statutory provision sets forth an adequate standard and sufficient guidance to defendant to meet constitutional requirements.

Initially, we note that a party seeking a preliminary injunction must show (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is not granted, and (3) a balance of equities tipping in favor of the moving party (*see, Doe v Axelrod*, 73 NY2d 748, 750; *Clark v Cuomo*, 103 AD2d 244, 245, *affd* 63 NY2d 96). It is a drastic remedy and should be used sparingly (*see, Clark v Cuomo, supra*, at 246) and appellate review is limited to determining whether the trial court exceeded or, as a matter of law, abused its discretion (*supra*, at 246; *see, Doe v Axelrod, supra*, at 750).

Education Law § 305 (7) provides that defendant "may annul upon cause shown to his satisfaction any certificate of qualification granted to a teacher by any authority". There is a strong presumption that a legislative enactment is constitutional (*Tompkins County Bd. of Health v Whetzel*, 173 AD2d 1050) and the legislative grant of authority must be construed, whenever possible, so that it is no broader than that which the separation of powers doctrine permits (*Boreali v Axelrod*, 71 NY2d 1, 9). Some broad grants of authority have been held not to violate the nondelegation principle (*see, Matter of Levine v Whalen*, 39 NY2d 510, 515; *Matter of Sullivan County Harness Racing Assn. v Glasser*, 30 NY2d 269, 277; *Matter of Mandel v*

*Board of Regents*, 250 NY 173, 175). Where there has been no direction given to the administrative body, the legislation has been held to be unconstitutional (*see, Packer Coll. Inst. v University of State of N. Y.*, 298 NY 184, 192; *Matter of Redfield v Melton*, 57 AD2d 491, 495; *City of Tonawanda v Tonawanda Theater Corp.*, 29 AD2d 217, 218).

In the instant case, the limiting words "upon cause shown to his satisfaction" provide an adequate standard. Defendant must have "cause", a term that has meaning and definition. Consequently, defendant cannot revoke a license for "capricious or whimsical" reasons (*City of Tonawanda v Tonawanda Theater Corp., supra*, at 219). Thus, plaintiff has not demonstrated that there is a likelihood of success on the merits and plaintiff's motion for a preliminary injunction was correctly denied.

Plaintiff, however, has shown that the second criterion for issuance of a preliminary injunction, irreparable harm if the injunction is not issued, has been met. The School District, in terminating plaintiff's employment, was acting lawfully since plaintiff cannot teach without a certificate (*see*, Education Law § 3001 [2]) and he would not be able to recover back pay from the School District if successful in the main action. Thus, the harm is irreparable.

Turning to the third element relevant to the grant of a preliminary injunction, the balancing of the equities in plaintiff's favor, Supreme Court did not abuse its discretion in this regard in its ruling. Plaintiff's occupation involves contact with children and plaintiff, because of his past conduct as found by defendant, could certainly be found to pose a threat to the health, safety or welfare of children. This potential threat outweigh's plaintiff's financial loss and, thus, he has not shown that the equities balance in his favor.

Plaintiff's argument that he did not waive the constitutional issue by failing to raise it at the administrative proceeding has merit. A CPLR article 78 proceeding is not the proper method of testing the constitutional validity of a legislative enactment (*see, Matter of Kovarsky v Housing & Dev. Admin.*, 31 NY2d 184, 191-192; *Matter of Choe v Axelrod*, 141 AD2d 235, 238). Rather, a declaratory judgment action is the appropriate vehicle (*Long Is. Coll. Hosp. v Axelrod*, 118 AD2d 177, 183). Plaintiff's challenge is to the constitutionality of the statute itself, not merely to its application to him, and was thus not waived (*supra*, at 183).

Plaintiff's assertion that the declaratory judgment action is ripe for review, and therefore should not have been stayed by

Supreme Court, is not persuasive. Plaintiff can obtain the relief he seeks, the return of his certifications, via his CPLR article 78 proceeding and, in view of the principle of judicial restraint, there is no compelling reason why his constitutional claim should proceed. It is well settled that as a matter of judicial restraint, courts should not decide constitutional issues when a decision can be reached on nonconstitutional grounds *(see, Matter of Syquia v Board of Educ.,* 80 NY2d 531, 535; *Matter of Beach v Shanley,* 62 NY2d 241, 254). The cases plaintiff cites for support of his proposition that the principle of judicial restraint should not be followed present more compelling circumstances than exist in this case, such as, that the issue is likely to recur *(see, Blye v Globe-Wernicke Realty Co.,* 33 NY2d 15, 19) or that the constitutional questions can be answered readily *(see, Congregation Beth Israel W. Side Jewish Ctr. v Board of Estimate,* 285 App Div 629, 633). The instant matter does not require that his constitutional claim be allowed to proceed prior to the determination of petitioner's CPLR article 78 proceeding.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.