■ MARK J. MAHONEY et al., on Behalf of Themselves and Others Similarly Situated, Appellants, v GEORGE E. PATAKI, as Governor of State of New York, et al., Respondents. [689 NYS2d 830] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In November 1996 the Court of Appeals approved a capital defense counsel fee schedule pursuant to Judiciary Law § 35-b that included fees for legal assistants and paralegals in addition to fees for lead and associate counsel. In January 1997 the Division of the Budget (DOB) informed the Capital Defender's Office that the DOB's interpretation of Judiciary Law § 35-b was contrary to the fee schedule approved by the Court of Appeals. Specifically, the DOB did not interpret the statute to "support compensation beyond lead and associate counsel". Plaintiffs commenced this declaratory judgment action seeking a declaration that Judiciary Law § 35-b (5) empowered the Screening Panels to promulgate, and the Court of Appeals to approve, the Schedule of Fees that included rates

of compensation for the staff (i.e., associates, paralegals and clerks) of appointed counsel.

Supreme Court erred in granting that part of defendants' motion to convert the action to a CPLR article 78 proceeding. An action pursuant to CPLR article 78 may be used only to challenge a final determination (*see,* CPLR 7801 [1]). Here, the DOB's determination was issued, but it was ambiguous and its effect uncertain. Notably, the DOB indicated that discussions regarding staff reimbursement had not yet concluded. Thus, the determination was not final, and the court erred in granting that part of defendants' motion to dismiss the complaint with respect to plaintiff Mark J. Mahoney as untimely. Inasmuch as the action was properly commenced as a declaratory judgment action, that part of defendants' motion to change venue should have been denied.

Plaintiffs' cross motion for class certification was untimely (*see,* CPLR 902). Were we to reach the merits, we would agree with the court's determination that class certification is not warranted here. The court did not abuse its discretion in determining that plaintiffs did not establish compliance with the prerequisites set forth in CPLR 901 (*see, Askey v Occidental Chem. Corp.,* 102 AD2d 130, 137-138; *Matter of Froehlich v Toia,* 71 AD2d 824, *lv denied* 48 NY2d 611). We therefore modify the order by denying defendants' motion to convert the action to a CPLR article 78 proceeding and to change venue and by denying in its entirety defendants' motion to dismiss the complaint. (Appeal from Order of Supreme Court, Genesee County, McCarthy, J.—Declaratory Judgment.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.