■ In the Matter of ADA SHARP, Appellant, v BARBARA A. DEBUONO, as Commissioner of New York State Department of Health, et al., Respondents. (Appeal No. 1.) [723 NYS2d 279] —Judgment unanimously reversed on the law without costs

and petition granted. Memorandum: Petitioner contends that Supreme Court erred in dismissing her petition seeking to annul the determination of the Erie County Department of Social Services (DSS) denying authorization for expenses for transportation to providers of medical services covered by Medicaid. We agree that one of petitioner's contentions has merit. We reject her contention, however, that the Medicaid plans at issue violate 42 CFR 431.53 by setting forth financial criteria to be considered in determining whether to grant prior authorization for payment of transportation costs to covered medical appointments. Pursuant to 42 CFR 431.53 (a), a State Medicaid plan must "[s]pecify that the Medicaid agency will ensure necessary transportation for recipients to and from providers." Under that regulation, "transportation is ensured, [but] payment to recipients for transportation is not required" (*Boatman v Hammons*, 164 F3d 286, 288). The regulations provide that prior authorization for transportation to medical appointments will be granted "only when payment for transportation expenses is essential in order for an eligible [medical assistance] recipient to obtain necessary medical care and services which may be paid for under the [medical assistance] program" (18 NYCRR 505.10 [a]; *see,* 18 NYCRR 505.10 [b] [17]; *see also,* 92 ADM-21). The Medical Assistance Manual provided by the Health Care Financing Administration (HCFA), the Federal agency in charge of administering the Medicaid statute, states that, "if" payment for the transportation is to be made, "the least expensive method of transportation suitable to the recipient's need is to be used" (HCFA-AT 78-51, at 4 [May 30, 1978]). Thus, the determination of DSS that payment for transportation costs is not an automatic right is an interpretation supported by the regulations and the HCFA manual. "[W]here an agency's determination 'is not only consistent with the governing statutes and regulations but also comports with the conclusion reached by [HCFA]—the Federal agency charged with interpreting Medicaid requirements' (*Cricchio v Pennisi*, 90 NY2d 296, 309) [—] that determination is entitled to deference" (*Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656, 666-667).

We also reject petitioner's further contention that consideration of supplemental security income (SSI) in determining a recipient's ability to pay for transportation costs defeats the purpose of the SSI program by impermissibly reducing income that is set aside for basic necessities. Social Services Law § 366 (2) (a) lists items of income and resources that may not be considered when determining eligibility for Medicaid, but it does not prohibit consideration of SSI when determining abil-

ity to pay for services. The consideration of SSI in determining the ability of petitioner to pay for transportation costs does not impermissibly reduce her SSI. We therefore conclude that consideration of financial criteria in determining whether a Medicaid recipient is entitled to prior authorization for payment of transportation costs does not impermissibly reduce income that is set aside for basic necessities.

We agree with petitioner, however, that the lack of any definitive standards for determining a recipient's ability to pay renders the determination of DSS arbitrary and capricious. The State Medicaid Plan, approved by the Federal agency on October 29, 1992, allows consideration of "the frequency of visits or treatments within a short period of time whereby the recipient would suffer financial hardship if required to make payment for the transportation." A State regulation provides that prior authorization for transportation costs may be granted "when the [medical assistance] recipient needs multiple visits or treatments within a short period of time and the [medical assistance] recipient would suffer undue financial hardship if required to make payment for the transportation to such visits or treatments" (18 NYCRR 505.10 [d] [7] [ii]). The regulation limits payment of transportation expenses to a means of transportation ordinarily used for daily living (*see,* 18 NYCRR 505.10 [d] [7] [ii]), but the State Medicaid plan contains no limitation on the mode of transportation.

DSS determines whether a Medicaid recipient will suffer undue financial hardship if required to pay for transportation by evaluating the recipient's income and expenditures and considering only the expenditures it regards as "essential." " 'Administrative [d]iscretion must be guided by an express or clearly implied standard, policy or purpose' " (*City of Tonawanda v Tonawanda Theater Corp.*, 29 AD2d 217, 219-220, quoting *Matter of Bologno v O'Connell*, 7 NY2d 155, 159). " 'The Legislature may constitutionally confer discretion upon an administrative agency only if it limits the field in which that discretion is to operate and provides standards to govern its exercise' " (*City of Tonawanda v Tonawanda Theater Corp., supra,* at 220, quoting *Matter of City of Utica v Water Pollution Control Bd.,* 5 NY2d 164, 168-169; *see, Packer Collegiate Inst. v University of State of N. Y.,* 298 NY 184, 189-190). Here, there are no standards to guide DSS in determining which expenditures are essential. Furthermore, DSS failed to file its rules, regulations or procedures concerning the determination of undue financial hardship with the State (*see,* 18 NYCRR 300.6). Thus, its policy of including only "essential" expenditures in

determining financial hardship is an unapproved local policy. We therefore reverse the judgment and grant the petition.

Contrary to the further contention of petitioner, she was not denied timely notice of the denial of transportation costs. Petitioner is entitled to 10 days' notice only if there is an "action" (*see,* 42 CFR 431.211; 18 NYCRR 358-2.23), and pursuant to 42 CFR 431.201, an action is the termination, suspension or reduction of Medicaid eligibility or covered services. Here, the prior authorization grant merely expired according to its terms without any action by respondents. The denial of petitioner's subsequent application was an action, and petitioner received timely notice of that denial.

Finally, we reject the contention of petitioner that the court erred in denying her motion seeking class action certification under CPLR article 9. The court did not abuse its discretion in determining that petitioner failed to establish compliance with all of the prerequisites in CPLR 901 (a) (*see, Mahoney v Pataki,* 261 AD2d 898, 899; *Conrad v Hackett,* 184 AD2d 995). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.— CPLR art 78.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ. [As amended by unpublished order entered Mar. 21, 2001.]