Election Law §§ 5-210, 5-210(1), 5-210(5)(k)(xi), 1-104(27), 2-210(5), 8-304(1), 5-500(7), 5-506(3), 5-202, 5-211, 5-212; State Technology Law Article 3 (Electronic Signature and Records Act)

State law governing voter registration does not require a wet signature and thus a signature can be affixed electronically.

April 25, 2016

Dennis M. Brown                                          Informal Opinion
County Attorney                                          No. 2016-1
Suffolk County
P.O. Box 6100
Hauppauge, NY 11788-0099

Dear Mr. Brown:

You have explained that the County is considering implementing a system whereby a person desiring to register to vote will complete an application online. In light of that, you have asked whether state law governing voter registration requires that the signature of a registrant be handwritten—in other words, written with ink, or a "wet signature." As explained below, we conclude that state law governing voter registration does not require a wet signature and that a signature can be affixed electronically.

The Legislature has created a comprehensive legislative plan addressing the registration of voters. *Clark v. Cuomo*, 104 A.D.2d 188, 191 (3d Dep't 1984); *aff'd*, 66 N.Y.2d 185 (1985). As part of that plan, section 5-210 of the Election Law authorizes a prospective voter to apply for registration by mail or by appearing at the county board of elections. Election Law § 5-210(1).

The registration application must include an affirmation that the applicant meets the eligibility requirements to register to vote and "a place for the applicant to execute the form on a line which is clearly labeled 'signature of applicant.'" Election Law § 5-210(5)(k)(xi). The affirmation must be followed by "a space for the date and the aforementioned line for the applicant's signature." *Id*. Similarly, the term "personal application" is defined to mean a "signed writing which may be delivered by mailing or in person." *Id*. § 1-104(27). But the Election Law does not specifically require a signature written with ink on a voter registration application. We therefore are of the opinion that the signature requirement of Election Law § 5-210(5) does not preclude a signature affixed by electronic means.

But the electronic registration system to be implemented by the County must fit within the framework of the registration system created by the Legislature. Most importantly, the technology implemented must capture a handwritten signature that can be incorporated into the registration records and compared with the signature that the applicant will write at the polling location at the time of voting. Election Law § 8-304(1), *see also id*. §§ 5-500(7), 5-506(3).

The electronic signature, therefore, must be of a quality and likeness to a signature written with ink.

Further, Election Law § 5-210 provides for individual registration by mail or by appearance at an applicant's local board of elections. Election Law § 5-210(1). No other provision of the Election Law authorizes an applicant to directly transmit a registration application to the local board of elections. *See*, *e.g.*, Election Law § 5-202 (local registration at scheduled meeting of board of inspectors for election district); *id*. § 5-211 (registration through designated state agencies); *id*. § 5-212 (registration through Department of Motor Vehicles). Thus, we believe that a registration application completed online would have to either (a) be printed and mailed to the local board of elections by the applicant or a third party assisting the applicant or (b) be completed by appearing at the local board of elections. Otherwise, the County would be creating a new system of registration rather than using the existing system outlined by the Legislature. *See Clark v. Cuomo*, 104 A.D.2d at 192.

Our conclusions in this opinion are directly based on what is traditionally understood to be a "signature" and relate simply to whether such a signature must, under the Election Law, be written with ink. For that reason, we need not address the applicability of the Electronic Signatures and Records Act, Article 3 of the State Technology Law (ESRA). We therefore do not consider all forms of signature that are encompassed by ESRA. Nor does this opinion relate to other means of registration via specific agencies, as established by Election Law §§ 5-211 and 5-212.

In sum, we are of the opinion that a registration application can be completed electronically—with an electronically-affixed handwritten signature identifiable as the applicant's—printed, and mailed to the board of elections by the applicant or a third party. Indeed, such electronically-facilitated voter registration is, in our opinion, consistent with the expressed legislative policy of "encourag[ing] the broadest possible voter participation in elections." Election Law § 3-102(14); *see also Clark v. Cuomo*, 66 N.Y.2d 185, 190 (1985).

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
 In Charge of Opinions