OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Supreme Court, Albany County, for a hearing to determine when petitioner was informed of the appeal board’s determination.
*834 The four-month Statute of Limitations did not begin to run until the petitioner received notice of the appeal board’s determination (see, e.g., 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02; Matter of Abramson v Commissioner of Educ., 1 AD2d 366, 371; cf. Matter of Queensborough Community Coll. v State Human Rights Appeal Bd., 41 NY2d 926). The contrary conclusion reached by the courts below, that the running of the statutory period began to run immediately upon the issuance of the determination, overlooks the additional requirement that the petitioner be “aggrieved” by the determination (Matter of Martin v Ronan, 44 NY2d 374, 381). We have previously held that for the purposes of the commencement of the statutory period, the petitioner cannot be said to be aggrieved by the mere issuance of a determination when the agency itself has created an ambiguity as to whether or not the determination was intended to be final (Mundy v Nassau County Civ. Serv. Comm., 44 NY2d 352). A similar principle should apply when the petitioner has received no notice, ambiguous or otherwise, of the determination by which he is said to be aggrieved. Indeed, fundamental fairness would seem to compel the conclusion that a petitioner should not be held to have been dilatory in challenging a determination of which he was not aware (cf. Matter of Bianca v Frank, 43 NY2d 168).
We also note that although the petitioner’s sentence has expired it cannot be said, as we recently held in Matter of Tremarco v New York State Bd. of Parole (58 NY2d 968), that the proceeding has been rendered moot. In that case the sentence expired after the article 78 proceeding had been commenced thus rendering academic the only question presented in the petition, namely, whether petitioner was entitled to remain on parole without a further hearing. Here on the other hand, the sentence expired while the petitioner’s case was pending before the appeal board, and the propriety of its decision to dismiss for mootness is the primary issue raised in the petition. Nothing has occurred since the commencement of that proceeding to render that issue moot. Moreover, in contrast to Tremarco, here petitioner was found to have been a parole violator which may have lasting consequences despite the expiration of his sentence.
*835 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, with costs, and matter remitted to Supreme Court, Albany County, for further proceedings in accordance with the memorandum herein.