■ In the Matter of ONEIDA L. JACKSON, Petitioner, v UNIVERSITY OF THE STATE OF NEW YORK, STATE EDUCATION DEPARTMENT, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice as a registered professional nurse, but conditionally stayed execution thereof for five years.

On October 3, 1983, in compliance with a directive of the Board of Regents, the Commissioner of Education issued an order staying revocation of petitioner's nursing license for five years, subject to specific probationary conditions, including additional education and satisfactory performance evaluations by employers. Three days later the commissioner served the order on petitioner by certified mail return receipt requested, as required by statute, at her last known address. A return receipt card with the signature "Oneida Jackson, 10/11/83" appears in the record. Although the authenticity of that signature is challenged by petitioner's counsel in the brief, it is not without significance that nowhere in the record does petitioner herself deny the signature's authenticity. It is also undisputed that on October 6, 1983, the commissioner mailed a copy of the order to petitioner's counsel as well. Petitioner thereafter initiated this CPLR article 78 proceeding by effecting service upon the Attorney-General on March 1, 1984 and upon the State Education Department the following day.

Respondent contends, and we agree, that this proceeding is barred by the four-month Statute of Limitations prescribed in CPLR 217. That statute begins to run when there is a final and binding determination on petitioner (see, e.g., *Matter of Martin v Ronan*, 44 NY2d 374, 381). Since service of the order by certified mail on October 6, 1983 complied with statutory procedure (see Education Law, § 6510, subd 4, par c), the order became final and binding five days later on October 11, 1983. As this proceeding was not thereafter commenced until March 1, 1984, it was clearly untimely.

Counsel's assertion that the proceeding is timely because it was not until November 1, 1983 that petitioner advised him she had received the commissioner's order, and, therefore, the Statute of Limitations did not commence to run until that date, is imaginative but palpably unsound.

Petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.