*716 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that the determination of the Board of Trustees became "final and binding” (CPLR 217) and, therefore, that the four-month limitation period commenced to run, on the date petitioner was notified of the Board’s decision. A challenged determination is final and binding when it "has its impact” upon the petitioner who is thereby aggrieved (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 357; see also, Matter of Biondo v State Bd. of Parole, 60 NY2d 832, 834; Matter of Martin v Ronan, 44 NY2d 374, 380-381; Matter of Queensborough Community Coll, v State Human Rights Appeal Bd., 41 NY2d 926). The limitations period does not commence to run where the agency has created the impression that the determination, albeit issued, was intended to be nonconclusive (see, Mundy v Nassau County Civ. Serv. Commn., supra, p 358; Matter of Castaways Motel v Schuyler, 24 NY2d 120, 126). However, where the determination is unambiguous and its effect certain, the statutory period commences as soon as the aggrieved party is notified (see, Matter of Biondo v State Bd. of Parole, supra, p 834). Contrary to petitioner’s contention, the time limitation is not somehow tolled until the action directed by the determination has already been taken (Matter of Queensborough Community Coll. v State Human Rights Appeal Bd., supra; see also, Matter of Allstate Ins. Co. v Stewart, 29 NY2d 925, affg 36 AD2d 811).
Here, although petitioner’s actual retirement was delayed until October 27, 1982 when his terminal leave was exhausted, the impact of the determination on the date of its issuance and petitioner’s notification thereof, September 8, 1982, was in no way rendered tentative, uncertain or otherwise less final and binding. Consequently, the statutory period commenced on September 8, 1982, and the proceeding, commenced more than five months later, on February 18, 1983, was correctly dismissed by the Appellate Division as untimely.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.