■ In the Matter of TIMOTHY FORSYTH, Respondent, v

HENRY STERN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review determinations of the New York City Department of Parks and Recreation denying the petitioner leave with pay while he was on military duty, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Amann, J.), dated February 6, 1986, which granted the petition and awarded the petitioner back pay in the principal amount of $2,405.64, and denied the appellants' cross motion to dismiss the petition as time barred.

Ordered that the order and judgment is reversed, on the law, with costs, the cross motion is granted, and the petition is dismissed as time barred.

The petitioner, Timothy Forsyth, worked as a seasonal employee of the New York City Department of Parks and Recreation from 1981 through 1985 as a lifeguard and a lifeguard lieutenant. On April 22, 1981, he joined the Naval Reserve Officers Training Corps and became a member of the Merchant Marine Reserve, U.S. Naval Reserve. The petitioner applied for military leave three times during his employment —May 22, 1981, July 21, 1983, and June 4, 1985. All of the leaves were approved, but without pay, as it was the position of the petitioner's superiors that seasonal employees were not entitled to paid military leave.

The petitioner contended that he only became aware in July 1985 that, under Military Law § 242 (5), public employees were entitled to paid leave while performing ordered military duty. On July 29, 1985, the petitioner submitted a written request for back pay with interest, which was denied in a departmental memorandum dated August 22, 1985. The petitioner was subsequently informed that the denial of his request did not constitute a violation of the collective bargaining agreement and, therefore, he was not entitled to file a grievance.

The appellants cross-moved to dismiss the petition as time barred, contending that it was not brought within four months of the denial of paid leave to the petitioner. The cross motion was denied and the petition granted in all respects.

CPLR 217 provides, *inter alia,* that a CPLR article 78 proceeding must be commenced within four months of the respondent's refusal, upon the demand of the petitioner, to perform its duty. The periods of limitation in this case began to run on each occasion that the petitioner received notice that his request for leave had been approved but without pay.

These notifications were not ambiguous nor was there any impression created that they were intended to be nonconclusive *(see, Matter of Edmead v McGuire,* 67 NY2d 714, 716; *Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834).

The instant proceeding for back pay was not commenced until the service of a notice of petition and petition upon the appellants on or about December 3, 1985. The proceeding was, therefore, brought more than four months after the accrual of the petitioner's cause of action for even the most recent determination of June 9, 1985. As it does not appear that the petitioner was misled by any statements or conduct on the appellants' part, the delay may not be excused *(cf., Matter of Devens v Gokey,* 12 AD2d 135, *affd* 10 NY2d 898). Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.