OPINION OF THE COURT
Israel Rubin, J.
Pursuant to CPLR article 78, petitioner seeks a judgment annulling an initial legal regulated rent determination by respondent which denied petitioner credit for various expenditures made in connection with the renovation of an apartment in calculating the initial rent.
After the apartment was vacated by rent-controlled tenants in June 1983, petitioner renovated the subject premises, identified as apartment No. 3, located at 303 East 10th Street, New York, New York. The new tenants, who took occupancy of the apartment under a lease commencing August 1, 1983, filed a fair market rent adjustment application in November of that year, seeking a reduction in their rent of $675 a month. In a decision dated May 14, 1986, the District Rent Administrator allowed only $6,662 in renovation expenses out of a total bill of $16,322 in calculating the initial rent pursuant to section 20 (C) (1) of the Code of the Rent Stabilization Association of New York City, Inc. Petitioner filed a petition for administrative review (PAR) of this order and, on February 29, 1988, respondent’s Deputy Commissioner issued an order which included an additional $6,825 in renovation expenses ($13,487 in all) in calculating an initial rent of $495.84.
Petitioner commenced this proceeding by serving the petition upon respondent on May 3, 1988. Petitioner alleges that the items disallowed by respondent ($2,832.88 for overhead and profit and $474 for demolition) should have been included in the calculation of the initial legal regulated rent. Specifically, petitioner contends that it was arbitrary and capricious for respondent to rule: "The latter two items are disallowed because the general contractor to whom they are paid and the owner of the building have the same name and mailing address and, therefore, appear to be the same entity and person.”
Respondent answers that the petition should be dismissed as untimely pursuant to provisions of the present Rent *716 Stabilization Code (Code) (9 NYCRR part 2520 et seq.). Respondent notes that the petition was served 64 days after issuance of the order determining petitioner’s PAR which, it asserts, fails to comply with section 2530.1 of the Code (9 NYCRR 2530.1) requiring that a proceeding to seek judicial review of a PAR "shall be brought within 60 days after the issuance of such order.” As to the merits, respondent asserts that its determination was in all respects proper.
The Statute of Limitations provisions of the Rent Stabilization Code governing administrative and judicial appeals are the source of considerable confusion. In a recent case, this court had the opportunity to consider the commencement of the running of the statutory period following an initial administrative determination by respondent (Oxford E. Assocs. v State of N. Y. Div. of Hous. & Community Renewal, NYLJ, Sept. 16, 1988, at 18, col 6). In that case, respondent refused to accept the filing of a PAR following the expiration of the 35-day period following issuance of a determination, as provided in section 2529.2 of the Code. In light of the petitioner’s uncontroverted assertion that it had never received notice of the determination, this court held that respondent could not rely on its regulation to preclude the filing of a PAR. The court therefore denied the respondent’s motion to dismiss the petition, which was advanced on the grounds that administrative remedies had not been exhausted and that the petition was not timely commenced.
As an elementary consideration, an administrative agency must observe the due process rights of the parties before it. At a minimum, this requires that the parties be afforded due notice of the proceeding and an opportunity to be heard (Mullane v Central Hanover Trust Co., 339 US 306, 314 [1950]). This requirement is applicable to administrative proceedings (Matter of Alvarado v State of New York, 110 AD2d 583 [1st Dept 1985]). It is axiomatic that fundamental fairness requires notice that a determination has been made before the period of time in which to seek review of that determination begins to run, and the Court of Appeals has so held (Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832 [1983]; see also, Matter of Bianca v Frank, 43 NY2d 168 [1977]).
In the matter at bar, respondent relies on the literal interpretation of its regulation which provides that an article 78 proceeding to review an order issued by the agency "shall be brought within 60 days after the issuance of such order” (9 NYCRR 2530.1). Respondent reasons that the instant proceed *717 ing, commenced 64 days following issuance of respondent’s determination of petitioner’s PAR, is therefore untimely.
Respondent’s conclusion is contrary to established authority and cannot be sustained. Respondent derives its powers from the Rent Stabilization Law (Administrative Code §26-501 et seq.) and the Emergency Tenant Protection Act (L 1974, ch 576, § 4), as provided in Rent Stabilization Code § 2520.4 (see, Administrative Code §§ 26-511, 26-518; Emergency Tenant Protection Act § 8 [c] [McKinney’s Uncons Laws of NY § 8628 (c)]). Respondent’s authority to establish initial legal regulated rents is set forth in section 6 (c) of the Emergency Tenant Protection Act (Uncons Laws § 8626 [c]) which provides for the establishment of an initial rent pursuant to the Rent Stabilization Law (see, Administrative Code § 26-513).
Rent Stabilization Code § 2520.3 provides that it "shall be construed so as to carry out the intent of the Rent Stabilization Law”. That law expressly states, "No provision of such code shall impair or diminish any right or remedy granted to any party by this law or any other provision of law” (Administrative Code § 26-511 [b]). These provisions recognize the longstanding principle that an administrative body may not act beyond the powers conferred upon it by the Legislature, or contrary to law or without proper notice to persons affected by its determinations (Sharp v Speir, 4 Hill 76 [1843]). Clearly, if an administrative agency may evade the law, as codified in statute or as propounded in the common law by the courts, "administrative law” would be reduced to an oxymoron. Therefore, where, as here, an administrative regulation is in conflict with the law, the regulation must be struck down.
It is well established that the statutory period (CPLR 217) in which to seek review of an administrative determination does not begin to run until notice of that determination is given (Matter of Edmead v McGuire, 67 NY2d 714 [1986]; Matter of Biondo v New York State Bd. of Parole, supra; Matter of Queensborough Community Coll. v State Human Rights Appeal Bd., 41 NY2d 926 [1977]). The rationale behind these rulings is that an administrative action is not final and binding (CPLR 217) until it " 'has its impact’ ” upon the petitioner (Matter of Edmead v McGuire, supra, at 716) or is a determination "by which petitioner is aggrieved” (Matter of Martin v Ronan, 44 NY2d 374, 381 [1978]). If there is any ambiguity on the part of the agency as to whether a determination is intended to be final, it will be resolved against the agency (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d *718 352, 358 [1978]). Moreover, the burden of proving notice in accordance with statutory requirements rests upon the agency obliged to furnish it (Matter of MacLean v Procaccino, 53 AD2d 965 [3d Dept 1976]).
It is clear that if ambiguity over the finality of a determination will be resolved against the agency, a fortiori, the complete absence of notice that a determination has even been rendered will require a similar disposition (Matter of Biondo v New York State Bd. of Parole, supra; Matter of Oxford E. Assocs. v State Div. of Hous. & Community Renewal, supra). Notwithstanding, respondent herein contends that the mere rendering of a determination is sufficient to start the running of the Statute of Limitations.
This very issue was raised in Matter of Biondo (supra) in which the respondent Parole Board argued that issuance of its determination, dated April 17, 1981, caused the Statute of Limitations to run. Therefore, the Board argued, the petition, served on August 19, 1981 (two days after the four-month period expired), was untimely. The petitioner contended that the running of the Statute of Limitations commenced upon the date service was proved. The Court of Appeals held, "The four-month Statute of Limitations did not begin to run until the petitioner received notice of the appeal board’s determination” (60 NY2d 832, 834, supra).
Respondent herein, however, cites specific statutory authority in support of its contention that the Statute of Limitations begins to run on the date a determination is issued. Respondent relies on Rent Stabilization Law §26-516 (d) which provides: "Any proceeding pursuant to article seventy-eight of the civil practice law and rules seeking review of any action pursuant to this chapter shall be brought within sixty days of the expiration of the ninety day period and any extension thereof provided in subdivision h of this section or the rendering of a determination, whichever is later. Any action or proceeding brought by or against the commissioner under this law shall be brought in the county in which the housing accommodation is located” (L 1987, ch 600, § 1, amending Administrative Code § 26-516 [d]).
Respondent’s construction of the statute is unreasonable. This court has had occasion to consider the meaning of this language in the context of the statute’s novel "deemed denial” provision (Matter of Bloom v Division of Hous. & Community Renewal, 138 Misc 2d 523; Matter of Raynes Assocs. Ltd. *719 Partnership v State Div. of Hous. & Community Renewal, 137 Misc 2d 484). The provision does not substantially change the meaning of the subdivision which it amended, which read, in pertinent part, "Any proceeding pursuant to article seventy-eight of the civil practice law and rules seeking review of any action pursuant to this chapter shall be brought within sixty days” (L 1985, ch 907, § 1). The same language still appears in the Emergency Tenant Protection Regulations (9 NYCRR 2507.9). The amendment merely recognizes the dual basis upon which an article 78 proceeding may rest. As stated in Matter of Bloom (138 Misc 2d 523, 524-525, supra): "The statute is unusual in that it provides two distinct grounds for the commencement of an article 78 proceeding. The first, and most straightforward, is the issuance of a final determination by the agency. The second, which proves to be far more complex, is the deemed denial of the PAR. (Where the two periods overlap, the statute provides that the litigant may take advantage of the longer period.)” While the amendment is susceptible to the interpretation advanced by respondent, measuring the Statute of Limitations from the mere issuance of a determination by the agency, irrespective of notice to the affected party, is contrary to the "traditional conception of fair play and substantial justice” upon which due process is predicated (International Shoe Co. v Washington, 326 US 310, 320 [1945]; Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834, supra).
Respondent’s papers contain no indication of when or if notice of its determination was given to petitioner so as to start the running of the Statute of Limitations. Thus, the instant proceeding must be considered timely.
Even if respondent had mailed a copy of its determination to petitioner contemporaneously with its issuance, the result would not be changed. This eventuality is expressly governed by CPLR 2103 (b) (2) which provides, inter alia, "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period”. Therefore, commencement of the proceeding within 65 days of the rendering of respondent’s determination would be timely pursuant to CPLR 217 and section 26-516 (d) of the Rent Stabilization Law (as amended by L 1987, ch 600, § 1). Under such circumstances, respondent’s determination may be considered to become final and binding five days after a copy is mailed to the party (Matter of Jackson v University of State of N. Y., 106 AD2d 701 [3d Dept 1984]).
*720 As to the merits of this matter, it is not in dispute that the subject premises were substantially renovated at a cost of approximately $16,000. Respondent calculated the initial legal regulated rent pursuant to Special Guidelines Order No. 14. The maximum base rent of $137.95 was adjusted by an additional 15% to which respondent added one fortieth of the amount it determined to comprise allowable renovation expenditures. Petitioner disputes only the amount of his renovation expenses that were allowed by respondent.
At issue are $474 for demolition costs, $1,348.99 for overhead and $1,483.89 for profit. The amounts for overhead and profit were itemized in an invoice dated January 21, 1985 which, together with a bill dated December 26, 1983, were submitted to the District Rent Administrator pursuant to a request dated January 14, 1985. The cost of demolition work was not included in this itemization. Respondent, in its determination of petitioner’s PAR, disallowed the demolition expense because evidence of this item was submitted for the first time upon application for administrative review and because the evidence "does not adequately substantiate what these payments were for.” Petitioner, however, argues that demolition is a logical aspect of the renovation project and notes that checks totaling $474 (five in all, payable to three different individuals) were submitted to the agency in support of his PAR. This court agrees with respondent that a matter which was not in issue before the District Rent Administrator may not be raised for the first time upon administrative review.
Respondent disallowed the $2,832.88 for overhead and profit stating, in its order determining the PAR, "The latter two items are disallowed because the general contractor to whom they were paid and the owner of the building have the same name and mailing address and, therefore, appear to be the same entity or person.” Petitioner, however, responds that this issue was not raised in the course of the proceedings before respondent. He states, "The Office of Rent Administration requested no information in regard thereto. No request or inquiry on the point was raised upon administrative review.” Petitioner alleges, and respondent does not dispute, that the contractor employed to perform the renovation work, Guirdanella Contracting Company, Inc. of 4 Bond Street, New York, New York, is operated by Robert Guirdanella, petitioner’s son, who is the sole officer, shareholder and director of the corporation which has been in existence for over 25 years.
Respondent, in the answering affidavit, asserts that the *721 "documentation regarding profit and overhead was not sufficient to permit the Division to make an independent evaluation of the nature of these alleged costs.” Nowhere in the record before the agency, however, is there any indication that respondent ever requested any information regarding the contractor’s overhead (expenses for utilities, insurance, transportation, telephone, maintenance, capital expenditures, etc.). Respondent does not contend that the contractor’s profit was exorbitant. Nor is there any indication that respondent ever objected to the basis for the calculation of its profit which, the itemized invoice reveals, represents 10% of expenses for materials and labor. Nor does the record disclose that the relationship between petitioner and the contractor was ever questioned during the administrative proceedings, either before the District Rent Administrator or upon submission of his determination for administrative review.
This issue may be disposed of in the same manner as that of the demolition expense. A matter which was not in issue before the District Rent Administrator may not be raised for the first time upon administrative review. It certainly may not be raised for the first time upon application for judicial review. As respondent points out in its answer, " 'judicial review of an administrative determination is limited to the record adduced before the agency * * *’ Plaza Realty Investors v CAB, 110 AD2d 704, 487 NYS2d 607, 608 (2d Dept 1985).”
This court’s review is limited solely to the grounds invoked by the agency in making its administrative determination "and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis” (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982]). Respondent may not, for the first time in this judicial proceeding, advance the relationship between petitioner and the contractor as the basis for disallowing a reasonable amount for profit and overhead. The bald conclusion contained in its adjudication of the PAR that petitioner and the general contractor are "the same entity or person” has no rational basis (Matter of Pell v Board of Educ., 34 NY2d 222 [1974]). Respondent, either in the pleadings before this court or in the record adduced before it, can point to no fact which would show that petitioner had any interest in Guirdanella Contracting Company, Inc. much less that they are "the same entity or person.” Therefore, Stanford Leasing Corp. v Conciliation & *722 Appeals Bd. (Sup Ct, NY County, Myers, J., index No. 6006/ 83), relied upon by respondent, is inapposite. In that case, the court found that the contractor’s sole shareowner was "a majority shareholder in petitioner.”
Even if, arguendo, respondent’s arguments in support of its contention are entertained for the first time in this proceeding, they do not demonstrate that there was anything less than a business relationship between petitioner and the contractor. The mere fact that petitioner paid for the work in installments, at 10% interest, is inconclusive. Nor is there any significance to the fact that amounts for overhead and profit were separately stated in the itemized invoice. Respondent offers no evidence in support of its conclusion that "the usual practice is to include these costs within the cost of the improvement or the cost of any items installed in an apartment.” Moreover, respondent, by such assertion, indicates these costs would not be objectionable if only petitioner had submitted a less detailed invoice which did not separately state the items.
Accordingly, petition granted. Respondent shall issue an order calculating the initial legal regulated rent for the subject premises based upon an additional $2,832.88, representing profit and overhead, within 30 days after service of a copy of this judgment with notice of entry.