■ In the Matter of TERRY GRUBER, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on May 23, 1988, which granted respondent's cross motion to dismiss the petition pursuant to CPLR article 78, is unanimously reversed on the law and the petition reinstated, without costs or disbursements.

Petitioner, a rent-stabilized tenant residing in apartment 9-A at 880 West End Avenue in Manhattan, commenced the instant proceeding pursuant to CPLR article 78 on November 30, 1987 to challenge a determination by respondent New York State Division of Housing and Community Renewal which was issued on September 28, 1987. The only issue on appeal is whether the Supreme Court properly dismissed the petition as untimely based upon the fact that it was not served until the sixty-third day. According to section 26-516 (d) of the Administrative Code of the City of New York, "[a]ny

proceeding pursuant to article seventy-eight of the civil practice law and rules seeking review of any action pursuant to this chapter shall be brought within sixty days of the expiration of the ninety day period and any extension thereof provided in subdivision h of this section or the rendering of a determination, which ever is later." Section 2530.1 of the Rent Stabilization Code (9 NYCRR) provides that "[a] proceeding for judicial review of an order issued pursuant to section 2526.2 (c) (2) or section 2529.8 of this Title shall be brought within 60 days after the issuance of such order."

Although the parties herein agree that 60 days is the operative limitations period, they differ concerning whether the statute begins to run on the date that the determination being appealed is issued, as urged by respondent, or when notice of the administrative order is received by the aggrieved party, as petitioner claims. In that connection, petitioner alleges that she received a copy of respondent's determination by mail some 10 or 12 days after it was issued and no earlier than October 8, 1987. Respondent is silent regarding the date of mailing of its order or how service was otherwise effected. It simply rests its assertion of untimeliness upon a literal reading of the regulation that a proceeding for judicial review be commenced within 60 days after the "issuance" of the subject administrative determination. Significantly, section 26-516 (d) of the Administrative Code does not contain the word "issuance", and respondent is thereby endeavoring to interpret a regulation (9 NYCRR 2530.1) whose purpose is, after all, to implement the statutory provision, in such a manner as would limit a party's right to seek judicial review of an administrative order by making the period of limitations almost entirely dependent upon the arbitrary actions of the agency. Thus, if respondent delays in notifying a party of a particular ruling for several weeks, that party would be compelled to file papers within, for instance, 40 days rather than 60 days. Clearly, it would be violative of due process to compute the Statute of Limitations from the mere issuance of a determination regardless of when the affected party actually received notice of the administrative decision. As the Court of Appeals concluded in *Matter of Edmead v McGuire* (67 NY2d 714, 716), which involved a proceeding wherein there was a challenge to a determination of the board of trustees of a police pension fund, "the determination of the Board of Trustees became 'final and binding' (CPLR 217) and, therefore * * * the four-month limitation period commenced to run, on the date petitioner was notified of the Board's decision". Similarly, in

both *Matter of Biondo v New York State Bd. of Parole* (60 NY2d 832) and *Rudey v Landmarks Preservation Commn.* (137 AD2d 238), the limitations period was held not to begin to run until notice was received of the administrative ruling. Respondent's position, if accepted, would render the appeal process virtually meaningless. However, nothing in either the case law or a reasonable construction of the statutory scheme requires such a patently unfair result. Concur—Murphy, P. J., Milonas, Kassal, Rosenberger and Smith, JJ.