■ ANTHONY GUIRDANELLA, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.— Judgment, Supreme Court, New York County (Israel Rubin, J.), entered March 6, 1989, which granted petitioner's CPLR article 78 petition challenging an order issued pursuant to the Rent Stabilization Code which denied petitioner the costs which he claimed for, *inter alia,* profit and overhead in regard to improvements made in a residential apartment, is unanimously affirmed, without costs.

Petitioner, owner of the subject apartment, renovated the apartment while it was vacant in 1983. The new tenants applied for a rent reduction of their $675 a month rent. The

District Rent Administrator allowed $6,662 of the alleged $16,322 renovation expenses.

On February 29, 1988, the Deputy Commissioner for Rent Administration issued an order granting in part petitioner's petition for administrative review (PAR). A further sum of $6,825 for additional construction costs was allowed. The costs for overhead and profit ($2,832.88) and demolition expenses ($474) were denied.

According to petitioner, he received the Commissioner's order in or about March 6, 1988. Petitioner thereafter commenced this article 78 proceeding by serving respondent on May 3, 1988, urging that the items not allowed by respondent should have been allowed.

Respondent claimed that the article 78 petition was untimely since it was commenced 64 days after the "issuance" of respondent's order and section 2530.1 of the Rent Stabilization Code (9 NYCRR) requires that such a proceeding "be brought within 60 days after issuance of such order".

The IAS court denied respondent's affirmative defense since it was unclear when respondent notified petitioner of its determination.

With regard to the denial of profit and overhead, the IAS court determined that it was irrational for respondent to conclude that petitioner and the general contractor were "the same entity or person" and consequently to disallow the items of profit and overhead. Accordingly, the IAS court ordered the initial rent be recalculated to include the items of profit and overhead.

Respondent reasserts its claim that the article 78 petition was untimely since it was commenced 64 days after respondent's order was issued. While respondent's contention is based on a literal interpretation of the Rent Stabilization Code (9 NYCRR 2530.1), fundamental fairness requires that the aggrieved party be notified of the administrative determination before the statutory period in which to seek review commences. *(Matter of Edmead v McGuire*, 67 NY2d 714; *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832.)* Indeed, as we have held in a strikingly similar situation, "it would be violative of due process to compute the Statute of Limitations from the mere issuance of a determination regardless of when the affected party actually received notice of the administrative decision". *(Matter of Gruber v New York State Div. of Hous. & Community Renewal*, 151 AD2d 426, 427.)*

Under these circumstances, where respondent gives no indi-

cation of when notice of the Commissioner's determination was given to petitioner, the article 78 proceeding, commenced 64 days after "issuance" of the order, is deemed timely.

With regard to the items of profit and overhead, the IAS court properly determined that the Commissioner irrationally disallowed these items on the sole basis that it appeared that the general contractor and the petitioner were the same entities. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ. *[See,* 141 Misc 2d 714.]