■ SEBASTIAN'S RESTAURANT OF WESTERN NEW YORK, INC., Petitioner, v CITY OF BUFFALO et al., Respondents.

Supreme Court properly transferred the matter *(see,* CPLR 7804 [g]; Siegel, NY Prac § 568, at 893-894 [2d ed]). Petitioner's challenge to the determination of the Preservation Board was not untimely. Although the Board denied petitioner's application for a special exception on July 31, 1990, petitioner alleges, without contradiction, that it never received formal notice of the decision. The four month Statute of Limitations does not begin to run until a party receives such notice *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832). The determinations of the Preservation Board and Common Council are supported by substantial evidence. The evidence presented at the Board meeting on June 14, 1990, established that the 24 foot poles were not authorized, differed materially from the 7 foot wood fence petitioner initially proposed around the perimeter of the rear of the premises, and posed a safety hazard because the poles interfered with power lines. The evidence presented at the public hearings before the Common Council established that volleyball games often extended beyond 9:00 P.M. in violation of a condition in the permit and resulted in excessive noise which disturbed neighboring property owners. Petitioner's due process contentions lack merit. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Cosgrove, J.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.