■ In the Matter of AGNES WASIELEWSKI, on Behalf of Herself and All Others Similarly Situated, Appellant, v GEORGE A. VOSSLER et al., Constituting the Buffalo Municipal Civil Service Commission, Respondents. [605 NYS2d 612] —Judgment reversed on the law with costs and petition reinstated. Memorandum: Supreme Court erred in summarily dismissing petitioner's CPLR article 78 proceeding on the ground that it was not timely commenced within four months after the determination to be reviewed became "final and binding upon the petitioner" (CPLR 217). A challenged determination is final and binding when it "has an impact" upon the petitioner who is thereby aggrieved and the aggrieved party is notified of that determination (*Matter of Edmead v McGuire,* 67 NY2d 714, 716; *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 357; *see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834). Supreme Court concluded that the determination became "final and binding" upon petitioner on October 2, 1992, when respondents wrote a letter denying petitioner's request for an appearance before the Commission to protest the deletion of the account clerk series from the promotional line for senior personnel clerk. That letter, however, was only a denial of a request to appear before respondents and cannot be construed as a "final and binding" determination with respect to petitioner's eligibility to participate in the examination for senior personnel clerk. We conclude that it was not until petitioner received respondents' letter dated March 17, 1993, denying her request to participate in the promotional examination, that she received notice of a final determination that had an impact which can be construed as "final and binding". Because petitioner's article 78 proceeding was commenced within four months after receipt of that determination, it was timely.

All concur except Lawton and Doerr, JJ., who dissent and vote to affirm in the following Memorandum:

Lawton and Doerr, JJ. (dissenting). We respectfully dissent. Petitioner was " 'impact[ed]' " and became "aggrieved" when her job classification was excluded from the eligibility list

*(Matter of Edmead v McGuire,* 67 NY2d 714, 716; *see, Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 357). Nor is there an issue that petitioner was unaware of her disqualification so as to toll the running of the Statute of Limitations *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834). The letter of September 10, 1992, signed by petitioner and some 51 others similarly classified, expressing dissatisfaction with the exclusion of their job classification and requesting a hearing to effect a change, establishes that petitioner was aware of respondents' determination. When respondents, in their letter of October 2, 1992, denied the group's request for a hearing, they merely reconfirmed their determination. That request for reconsideration, unless the law specifically authorizes it, does not toll the running of the Statute of Limitations *(see, Matter of Johnson v Christian,* 114 AD2d 321, 322; *see also, Matter of Lee Oil Co. v Jorling,* 190 AD2d 1072). Petitioner has not shown such authority. In any event, the proceeding was untimely even if the Statute of Limitations began to run when respondents denied petitioner's request for reconsideration on October 2, 1992.

We find no merit to petitioner's contention that she did not receive personal notice of her disqualification until March 17, 1993. All potential applicants were notified in the civil service examination notice of the qualifications necessary to take the exam. Additionally, respondents' October 2, 1992 letter, which was mailed to petitioner and other signatories at the return address set forth in their September 2, 1992 letter, constituted personal notice of her disqualification. Respondents were under no obligation to seek out and mail letters to the signatories' personal addresses. If the signatories wanted that, they should have listed their own return addresses. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Article 78.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.