■ In the Matter of JOY M. SNEED, Appellant, v MARVA L. HAMMONS et al., Respondents. [662 NYS2d 490] —Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered July 12, 1996, which, in a proceeding pursuant to CPLR article 78 seeking petitioner's reinstatement to her former position with respondent, granted respondent's motion to dismiss the petition as time-barred, and dismissed the petition, unanimously affirmed, without costs.

The motion court properly rejected petitioner's argument that the four-month Statute of Limitations (CPLR 217) should run not from when she was notified of her termination but from when she was notified of respondent's denial of her application for reinstatement. Nothing about the decision to terminate petitioner's provisional employment "created the impression that [it] * * * was intended to be nonconclusive" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716; *see, Chase v Board of Educ.*, 188 AD2d 192, 197). It does not avail petitioner to argue that subsequent to her termination she learned that the reason given for her termination—certification of an eligibility list—was a pretext; that the real reason for her discharge—her absence without leave—was based upon facts that were misconstrued; and that she is seeking review not of the original determination to terminate her employment but the subsequent determination to deny reinstatement (*see, Matter of De Milio v Borghard*, 55 NY2d 216, 220, 221-222). The motion court also properly noted that, in any event, reinstatement is a remedy not available to provisional employees such as petitioner (*Matter of Preddice v Callanan*, 69 NY2d 812). Concur—Milonas, J. P., Nardelli, Rubin, Mazzarelli and Andrias, JJ.