■ In the Matter of LOLA YARBOUGH, Appellant, v RUBEN FRANCO et al., Respondents. [694 NYS2d 757] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Housing Authority, dated December 3, 1996, terminating her tenancy in public housing, entered on the petitioner's failure to appear, and a determination dated June 24, 1997, denying the petitioner's application to vacate her default and for a new hearing, the petitioner appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated March 20, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the determination dated June 24, 1997, and substituting a provision therefor granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the New York City Housing Authority for a new hearing in accordance herewith.

The petitioner is a tenant of a low income housing project owned and operated by the respondent New York City Housing Authority (hereinafter NYCHA). In May 1996 she received notice that a recommendation had been made to terminate her tenancy based on two violations of the rules of her tenancy. After several adjournments, a hearing on the allegations was held on November 29, 1996. However, the petitioner failed to appear. Accordingly, a determination dated December 3, 1996, was entered on the petitioner's default, and the charges against the petitioner were sustained. By notice dated December 18, 1996, but not mailed to the petitioner until on or about April 1, 1997, the NYCHA informed the petitioner that her tenancy was to be terminated.

On April 8, 1997, the petitioner filed an application to vacate her default and for a new hearing. The petitioner alleged, *inter alia,* that she did not receive notice of the November 29, 1996, hearing. On June 24, 1997, the NYCHA denied the petitioner's application as untimely.

The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the NYCHA's determinations dated December 3, 1996, and June 24, 1997. In the judgment appealed from, the Supreme Court granted the respondents' motion to dismiss the proceeding. We now modify.

The petitioner is not entitled to CPLR article 78 review of the determination dated December 3, 1996, as it was entered upon her default (*see, Interboro Mgt. Co. v State Div. of Human Rights,* 139 AD2d 697). However, so much of the petition as sought to annul the respondents' determination dated June 24, 1997, should have been granted.

The determination dated June 24, 1997, did not address, *inter alia,* the merits of the petitioner's assertion that she did not receive notice of the November 29, 1997, hearing, or various other arguments raised in opposition to the application. Rather, the application was denied on the threshold issue of timeliness. That is, the Hearing Officer determined that the application was not made, as required by the relevant regulations, within a "reasonable time" after the default. Although not expressly stated in the determination, such a finding would necessarily be premised on a conclusion that the petitioner had received timely notice of the December 3, 1996, determination entered upon her default. However, in support of her application to vacate the default, the petitioner proffered the unrebutted assertion that she had first learned of the default in April 1997. Accordingly, on the record presented, the petitioner's application to vacate her default was not untimely. Thus, the matter must be remitted to the NYCHA for a hearing on the merits of the petitioner's application to vacate her default. Contrary to the respondents' argument, the record does not support a finding that the petitioner failed to commence this proceeding within four months of receipt of the June 24, 1997, determination (*see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832; CPLR 304). Bracken, J. P., Ritter, Altman and Friedmann, JJ., concur.