◼ In the Matter of MADELYN MILLER, Appellant, v MARTIN H. BROWNSTEIN et al., Respondents. [736 NYS2d 257] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the Clerk of the Appellate Division, Second Judicial Department, to restore to the general calendar the petitioner's appeals from two orders of the Supreme Court, Nassau County, in an action entitled *Miller v Kelner,* commenced under Index No. 32694/92, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bernstein, J.), dated November 30, 2000, which, upon granting the

motion of the respondents Joseph Kelner and Robert Kelner, individually and as partners in the law firm of Kelner & Kelner, a New York State Partnership, and Kelner & Kelner, and the separate motion of the respondents Martin H. Brownstein, James E. Pelzer, and the Office of the Clerk of the Court of the Appellate Division, Second Judicial Department, to dismiss the proceeding insofar as asserted against them, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the petitioner's contention, the Supreme Court did not err in dismissing this proceeding as time barred. CPLR 217 (1) requires that a proceeding against a body or officer be commenced "within four months after the determination to be reviewed becomes final and binding upon the petitioner." A challenged determination is final and binding within the meaning of the statute when it has an impact upon the petitioner and when he or she knows that he or she is aggrieved (*see, Matter of Edmead v McGuire*, 67 NY2d 714; *Matter of James v Wing*, 281 AD2d 627, *lv denied* 96 NY2d 721). The petitioner challenges the refusal of the State respondents to calendar her two appeals which had been rejected for filing as untimely and which were ultimately dismissed on October 12, 1994. This determination became final and binding no later than October 15, 1996, when the Court of Appeals denied the petitioner's application for leave to appeal from the denial of her motion to vacate the dismissal of the appeals. Accordingly, the Supreme Court properly determined that this proceeding, commenced more than three years after the Court of Appeals denied the petitioner's leave application, is time barred by the applicable four-month statute of limitations (*see,* CPLR 217).

In light of our determination, we need not address the petitioner's remaining contentions. Santucci, J.P., Feuerstein, Krausman and Luciano, JJ., concur.