■ In the Matter of 219 E. 25TH STREET REALTY COMPANY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [748 NYS2d 157] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered January 4, 2002, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination of a fair market rent appeal, and dismissed the petition, unanimously affirmed, without costs.

The affidavit of DHCR's employee established that DHCR's November 15, 2000 order denying petitioner's petition for administrative review (PAR) was properly mailed to petitioner's attorney that same day, and was sufficient to raise a presumption of receipt (*see Woodner Co. v Higgins*, 179 AD2d 444, *lv denied* 80 NY2d 756). That presumption was not rebutted by petitioner's attorney's assertion that he did not receive the PAR order from DHCR until May 7, 2001; the fact that the space in the PAR allotted for the mailing address of petitioner's

attorney was filled in with the name of a law firm "c/o" the particular attorney in that firm who was handling the matter and who is now denying receipt; and the fact that DHCR's mailing was addressed to the client, care of the identified law firm but without reference to the identified particular attorney. The PAR identified a law firm as petitioner's attorney, and it was the responsibility of that firm to forward its mail referencing a particular client to the correct case file. Accordingly, the proceeding was properly dismissed on the ground that it was not commenced within 60 days of November 15, 2000 (Administrative Code of City of NY § 26-516 [d]; *see Matter of Somlo v State Div. of Hous. & Community Renewal*, 142 AD2d 535, *lv denied* 73 NY2d 705), or, at most, 65 days thereafter (*see* CPLR 2103 [b] [2]). Furthermore, while petitioner admits to having obtained a copy of the PAR order on March 19, 2001, it did not file its petition until May 28, 2001. Therefore, the proceeding would be time-barred even if the 60-day limitations period were calculated from the day that petitioner's attorney admits obtaining the PAR order (*see Guirdanella v New York State Div. of Hous. & Community Renewal*, 165 AD2d 667). Concur— Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.