■  In the Matter of LE HAVRE TENANTS ASSOCIATION, INC., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [793 NYS2d 80]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the New York State Division of Housing and Community Renewal, both dated November 5, 2002, which denied certain petitions for administrative review of two orders of the Rent Administrator, dated January 12, 1998, and January 22, 1998, as amended January 29, 1998, respectively, and affirmed the orders granting the owner's applications for rent increases, the New York State Division of Housing and Community Renewal appeals, by permission, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated November 12, 2003, as denied its motion to dismiss the petition as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the petition is dismissed.

The petitioner commenced this proceeding pursuant to CPLR article 78 on January 13, 2003, to review two determinations of the appellant, dated November 5, 2002. The appellant moved to dismiss the petition as time-barred. The Supreme Court denied the motion. We reverse.

A proceeding pursuant to CPLR article 78 to review a determination denying a petition for administrative review must be commenced within 60 days of the "rendering" of such determination (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [d]). The determinations here were rendered on Tuesday, November 5, 2002, when they were issued and mailed to the petitioner's counsel in accordance with the appellant's controlled and well-documented mailing procedures (*see Matter of Oregon Realty v Halperin*, 230 AD2d 860 [1996]; *see also Matter of 219 E. 25th St. Realty Co. v New York State Div. of Hous. & Community Renewal*, 298 AD2d 240 [2002]). The petitioner conceded that its attorney received the determinations, but not until November 12, 2002.

Under these circumstances, contrary to the petitioner's contentions, the 60-day statute of limitations began to run, not on the date of receipt of the determinations, but on the date

those determinations were issued and mailed (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [d]; 9 NYCRR 2530.1; *Brown v New York State Division of Hous. & Community Renewal,* 170 AD2d 600 [1991]; *Mott v Division of Hous. & Community Renewal of State of N.Y.,* 147 AD2d 571, 573 [1989]; *but see Guirdanella v New York State Div. of Hous. & Community Renewal,* 165 AD2d 667, 668 [1990]; *Gruber v New York State Div. of Housing & Community Renewal,* 151 AD2d 426, 427 [1989]). We note, moreover, that no issues of due process or fundamental fairness were presented, as the petitioner had more than enough time from the date it actually received the determinations to commence this proceeding in a timely fashion (*cf. Brothers v Florence,* 95 NY2d 290, 300-301 [2000]). Accordingly, the appellant's motion to dismiss the petition as time-barred should have been granted. Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.