■ In the Matter of SIMHA BENNISSIM, Appellant, v JUDITH A. CALOGERO, as Commissioner of the Division of Housing and Community Renewal, et al., Respondents. [796 NYS2d 341]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about May 10, 2004, which denied the petition brought pursuant to CPLR article 78 to annul respondent's determination, dated July 31, 2002, upholding an order of respondent's Deputy Commissioner deregulating petitioner's apartment, unanimously affirmed, without costs.

The court properly found the petition time-barred (*see* Administrative Code of City of NY § 26-516 [d]). Petitioner neither actually denied receipt of the challenged order and opinion nor made a "showing that routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed" (*see Nassau Ins. Co. v Murray*, 46 NY2d 828, 830 [1978]). Petitioner in no way rebutted respondent's evidence of routine mailing procedures (*see e.g. Matter of Nelson Mgt. Group, Ltd. v New York State Div. of*

*Hous. & Community Renewal*, 259 AD2d 411, 412 [1999], *lv denied* 93 NY2d 814 [1999]). Even if the petition were timely, we would not find, in light of the entire record, that respondent agency lacked a rational basis for its determination that there was no good cause for petitioner's admitted failure to answer two separate notices of a decontrol petition (*see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal*, 294 AD2d 300, 304 [2002], *lv denied* 99 NY2d 503 [2002]). We note that most of petitioner's factual averments are made for the first time in this article 78 proceeding, and were never presented at the agency level (*see e.g. Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 16 AD3d 72, 75-76 [2005]). Concur—Saxe, J.P., Sullivan, Nardelli and Williams, JJ.