■ In the Matter of DANIEL HASBERRY et al., Petitioners, and LINDA BRANCH et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents, et al., Respondent. [876 NYS2d 407]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered November 23, 2007, which, insofar as appealed from, granted respondents-appellants' motion to dismiss the claims of petitioners Linda Branch and Marco Viola pursuant to CPLR 3211 (a) (5), unanimously modified, on the law, to reinstate Viola's claims, and otherwise affirmed, without costs.

On June 19, 2006, respondent Department of Education (DOE) sent letters to respondent Thomas Buses Inc., petitioners' employer, denying petitioners' applications to become certified bus drivers; DOE sent carbon copies of the letters to petitioners. The letters "reached a definitive position on the issue that inflict[ed] actual, concrete injury," and there was no further administrative action that petitioners could take (*see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007] [internal quotation marks and citations omitted]), as New York City Department of Education, Chancellor's Regulation C-105 does not provide for administrative appeal of the denial of an application. As a result, the four-month statute of limitations (CPLR 217 [1]) began running upon petitioners' receipt of the June 19, 2006 letters (*id.*; *see e.g. Matter of Saddlier v Teachers' Retirement Sys. of City of N.Y.*, 7 AD3d 430 [2004]). This CPLR article 78 proceeding was commenced on November 27, 2006, some five months later.

While Branch's claims thus are time-barred, the statute of limitations was tolled with respect to Viola's claims after DOE sent Viola another letter on September 13, 2006, thereby creating ambiguity as to the finality of its June 19, 2006 determination (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.