■ In the Matter of PAMELA LOCKLEY, Appellant, et al., Petitioners, v DARRYL TOWNS, Respondent. [40 NYS3d 270]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 14, 2013, which denied a petition for administrative review and affirmed a determination of the Rent Administrator dated December 11, 2012, finding that the Linden Plaza Apartments are not subject to the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*), the petitioner Pamela Lockley appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Ruchelsman, J.), dated February 11, 2014, which granted the cross motion of Darryl Towns, in his official capacity as Commissioner of the New York State Division of Housing and Community Renewal, and the New York State Division of Housing and Community Renewal, pursuant to CPLR 3211 (a) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner Pamela Lockley, among others, commenced this proceeding pursuant to CPLR article 78 by petition and order to show cause, signed October 21, 2013, to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) dated May 14, 2013. In the determination, the Deputy Commissioner denied a petition for administrative review of a determination of the Rent Administrator dated December 11, 2012, finding that the Linden Plaza Apartments, where Lockley lives, are not subject to the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*), and affirmed that determination. The Commissioner of the DHCR and the DHCR cross-moved pursuant to CPLR 3211 (a) to dismiss the petition, contending, among other things, that the proceeding was time-barred. The Supreme Court, inter alia, granted the cross motion. We affirm.

"A proceeding pursuant to CPLR article 78 to review a determination denying a petition for administrative review must be commenced within 60 days of the rendering of such determination" (*Matter of Le Havre Tenants Assn., Inc. v New York State Div. of Hous. & Community Renewal*, 17 AD3d 368, 368 [2005] [internal quotation marks omitted]; *see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [d]; 9 NYCRR 2530.1; *see also* 9 NYCRR 2529.8). Here, it is undisputed that this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination denying the petition for administrative review was not commenced within 60 days after that determination was rendered. Accordingly, the proceeding was time-barred by the applicable statute of limitations (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [d]; *Matter of Bennissim v Calogero*, 19 AD3d 135, 135 [2005]; *Matter of Le Havre Tenants Assn., Inc. v New York State Div. of Hous. & Community Renewal*, 17 AD3d at 369).

In light of our determination, we do not reach the parties' remaining contentions. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.