| |
|---|
| **Hyland v New York City Fire Dept.** |
| 2024 NY Slip Op 33395(U) |
| September 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151942/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------------X

DANIEL HYLAND,

Plaintiff,

- v -

NEW YORK CITY FIRE DEPARTMENT, CITY OF NEW YORK

Defendant.

-------------------------------------------------------------------------------X

PART                    **11M**

**INDEX NO.**        151942/2024

**MOTION DATE**    03/04/2024

**MOTION SEQ. NO.**    001

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for _____ARTICLE 78 (BODY OR OFFICER)_____.

Upon the foregoing documents, petitioner's motion is denied and respondents' cross-motion to dismiss the petition is granted.

## Background

This dispute arises out of a claim of unlawful retaliation under the New York State Human Rights Law and the New York City Human Rights Law relating to the transfer of a firefighter. Prior to November 20, 2019, Petitioner Daniel Hyland ("Petitioner") was assigned to and working in Rescue 1 in Manhattan. Petitioner claims that he wrote a letter in favor of a Captain Morris during an Equal Employment Opportunity ("EEO") investigation and that as a result of that letter he was subjected to a hostile work environment. Petitioner filed an EEO complaint about his workplace environment with the Respondent New York City Fire Department ("FDNY", together with the City of New York "Respondents"). After this, Petitioner was transferred to Rescue 5 on Staten Island. Although the parties disagree about the nature of this transfer, and the dates and number of subsequent requests, both agree that multiple times

**151942/2024   HYLAND, DANIEL vs. NEW YORK CITY FIRE DEPARTMENT ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

thereafter Petitioner unsuccessfully requested to be transferred back to Rescue 1, starting with a request made on December 11, 2019.

Petitioner filed a petition pursuant to Article 78 on March 04, 2024, seeking an order directing Respondents to transfer Petitioner back to Rescue 1 and directing Respondents to pay Petitioner the sum of money he was allegedly unlawfully prevented from earning in overtime as well as damages for pain and suffering and other emotional distress.

Respondents filed a cross-motion seeking under CPLR § 3211(a)(5) and (7) to dismiss the petition as untimely and for failure to state a claim. Petitioner then filed for leave to amend the petition and opposed the cross-motion to dismiss.

## Standard of Review

CPLR § 7803(1) allows for the question to be raised of whether the subject body failed to perform a duty enjoined upon it by law. CPLR § 7803(3) allows for the question to be raised of whether a determination was made in violation of lawful procedure, was arbitrary and capricious, or was an abuse of discretion. Pursuant to CPLR § 217(1), the statute of limitations to commence an Article 78 proceeding is four months from the issuance of a final determination. *See also Matter of Banos v. Rhea*, 25 N.Y.3d 266, 276 (2015).

## Discussion

Petitioner and Respondents dispute several issues such as whether or not there was an adverse employment action taken against Petitioner or if the amended petition states a valid claim. Ultimately, the Court does not need to reach these issues, as the petition is barred as untimely.

When, as is the case here, multiple administrative requests are made, the determination of when the CPLR § 217 four-month statute of limitations clock begins relies largely on the nature

**151942/2024   HYLAND, DANIEL vs. NEW YORK CITY FIRE DEPARTMENT ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

of the requests. Generally, "[d]iscrete acts such as … denial of transfer … constitutes a separate actionable 'unlawful employment practice'." *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002). But when, for instance, a plaintiff has "alleged one tortious act, and the continuing consequences of that act did not amount to distinct wrongs", the continuing wrong doctrine does not apply to toll the limitations period. *Jorge v. City of New York*, 220 A.D.3d 593, 593 (1st Dept. 2023). Additionally, a request for reconsideration of a prior request without any change in circumstances does not toll the four months. *Corbin v. Ward*, 160 A.D.2d 596 (1st Dept. 1990). When a final and binding determination is made, subsequent requests that are "duplicative of [the] prior request" likewise do not toll the statute of limitations. *Kelly v. New York City Police Dep't*, 286 A.D.2d 581 (1st Dept. 2001).

A challenged administrative decision becomes final and binding under CPLR § 217 "when it 'has its impact' upon the petitioner who is thereby aggrieved. *Edmead v. McGuire*, 67 N.Y.2d 714, 716 (1986). If, however, "the agency has created the impression that the determination, albeit issued, was intended to be nonconclusive", then the statute of limitations does not begin to run. *Id.* The issue therefore becomes when a final and binding determination was made by Respondents concerning the Petitioner's transfer to Rescue 5, thus making any subsequent requests to transfer back to Rescue 1 in the nature of a duplicative request for reconsideration without any change in circumstances. At that point, Petitioner would have had four months to file an Article 78 proceeding.

A final and binding determination made by Respondents in this matter can be found simply by reading through Petitioner's own moving papers. Petitioner states in the Statement of Facts for his Memorandum of Law opposing the motion to dismiss that the detail transferring him to Rescue 5 was originally "suggested to Petitioner as temporary" and later in the same

**151942/2024   HYLAND, DANIEL vs. NEW YORK CITY FIRE DEPARTMENT ET AL**          Page 3 of 5
**Motion No.  001**

3 of 5

Memorandum cites the allegedly temporary nature of the transfer to Rescue 5 as grounds for the claim being timely under CPLR § 217 and case law. But this argument contradicts Petitioner's own statements in his Amended Petition.

Paragraph 18 of the Factual Background section of the Amended Petition states in its entirety "On December 11, 2019, Petitioner tried to return to Rescue 1 and was informed on January 2, 2020 that his detail was *now non-voluntary* and that *he could not return* to Rescue 1" (emphasis added). Paragraph 19 states that "[t]his came as a shock to Petitioner, as he had not engaged in any wrongdoing and yet was sent on an *involuntary* detail immediately after filing an EEO charge of harassment" (emphasis added). Then in Paragraph 20 Petitioner states that "In July 2020, Respondents reassigned Petitioner back to Rescue 1, but three days later, before the reassignment took effect, the Fire Commissioner *cancelled that reassignment* and placed Complainant in Rescue 5, where he has remained since" (emphasis added).

These three paragraphs make it clear that the decision to transfer Petitioner to Rescue 5 was final and binding in 2019 or, at the very least, in 2020 when a decision to move Petitioner back to Rescue 1 was cancelled. Petitioner knew in 2019 that the transfer to Rescue 5 was permanent as he admits that he was told that he "could not return" to Rescue 1. Any doubt on this matter would have been confirmed in 2020 when the *re*assignment was cancelled. All of this is according to the Petitioner's own Amended Petition. Furthermore, Paragraph 28 of the Amended Petition refers to the "Respondents' decision to place him on a *permanent* involuntary detail" (emphasis added). The petition is clearly untimely under CPLR § 217 on these facts as the decision to transfer Petitioner to Rescue 5 became permanent and binding more than four months before the commencement of this proceeding.

**151942/2024   HYLAND, DANIEL vs. NEW YORK CITY FIRE DEPARTMENT ET AL**          **Page 4 of 5**
**Motion No. 001**

[* 4]

4 of 5

For the reasons given above, Respondents' cross-motion to dismiss the petition as untimely is granted and Petitioner's petition is barred under the statute of limitations. Accordingly, it is hereby

ADJUDGED that the instant petition is denied; and it is further

ADJUDGED that the respondents' cross-motion to dismiss is granted; and it is further

ORDERED that the Clerk of the Court shall enter judgment accordingly.

20240927163846LFRANK69CA9AF92F7F4893A6634971F2935E45

| 9/27/2024 | | | LYLE E. FRANK, J.S.C. |
| DATE | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151942/2024   HYLAND, DANIEL vs. NEW YORK CITY FIRE DEPARTMENT ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5