■ In the Matter of ALLIED SANITATION, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v ANGELO J. APONTE, as Commissioner of the Department of Consumer Affairs of the City of New York, Appellant.—Judgment, Supreme Court, New York County (Stecher, J.), entered March 23, 1987, which denied respondent's cross motion for an order dismissing the petition, unanimously reversed, on the law, and the cross motion for an order dismissing the petition as time barred granted, without costs.

This is a proceeding brought pursuant to CPLR article 78. Petitioners are engaged in the business of removing commercial and industrial refuse. Respondent is charged with fixing maximum rates for the removal of such refuse.

The present dispute concerns the rate that petitioners are able to charge for the removal of refuse. Petitioners are engaged in the collection of refuse in open-top roll-off containers rather than by rear-end loaders. Roll-off containers are used for class 2 refuse, consisting of noncompacted refuse, and for class 7 refuse, consisting of demolition and construction debris. The roll-off containers are large, open containers which are left at a site until filled and then removed to the Freshkill landfill on Staten Island or to transfer stations, from which they are taken to Staten Island. Rear-end loaders are used to remove class 1 refuse such as household or restaurant garbage. Class 1 refuse is loaded through the back of a vehicle and then pushed and compacted into the truck by a blade.

Petitioners, who operate roll-off containers, sought a rate higher than that charged by businesses operating rear-end loaders. A Hearing Officer for the respondent recommended a higher rate for roll-off containers than for rear-end loaders. Nevertheless, respondent Commissioner found that there was insufficient evidence to support the distinction and he determined that the rate charged for roll-off containers and rear-end loaders should be the same.

The Commissioner's determination was published on August 13, 1986 and the effective date was August 25, 1986. Petitioners received notice of the determination on August 13, 1986.

The issue here is whether the time for petitioners to bring an article 78 proceeding runs from August 13, 1986, the date on which petitioners received notice, or August 25, 1986, the effective date of the rate. CPLR 217 requires an article 78 proceeding to be brought "within four months after the determination to be reviewed becomes final and binding upon the petitioner". In *Matter of Edmead v McGuire* (67 NY2d 714, 716 [1986]), the Court of Appeals stated that "where the determination is unambiguous and its effect certain, the statutory period commences as soon as the aggrieved party is notified". Since this proceeding was not commenced until December 19, 1986, it was not commenced within the statutory four-month period and must be dismissed. Concur—Sandler, J. P., Sullivan, Asch, Milonas and Smith, JJ.