■ ADVANCED REFRACTORY TECHNOLOGIES, INC., et al., Respondents, v POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiffs, industrial users of replacement power generated by respondent Power Authority of the State of New York (PASNY) and the City of Niagara Falls, alleged

that PASNY breached certain contracts (referred to as the Niagara Contract NS-1, the 1982 Settlement Agreement, and the 1988 Settlement Agreement) by fixing new rates in excess of cost. The first four causes of action should be dismissed insofar as they allege a breach of contract. Although the Niagara Contract NS-1 contains rate schedules, the contract expressly provides that the rate schedules are subject to modification by PASNY. There is no provision in any of the three contracts that restricts the power of PASNY to fix new rates or requires PASNY to sell its power at cost. Any rights plaintiffs may have concerning the rates to be charged are derived from statute and not from contract. The proper remedy to challenge PASNY's act of fixing the rates for power is by way of a CPLR article 78 proceeding *(see, Press v County of Monroe,* 50 NY2d 695; *Matter of Allied Sanitation v Aponte,* 142 AD2d 511, *lv denied* 72 NY2d 810; *Long Is. Coll. Hosp. v Axelrod,* 118 AD2d 177; *International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278). We therefore convert the action to an article 78 proceeding with leave to plaintiffs, industrial users and the City of Niagara Falls, to amend and to serve a petition in place of the complaint within 20 days of the service of the order entered herein. The venue should remain in Niagara County *(see,* CPLR 505 [a]).

We also dismiss the eighth cause of action for an accounting inasmuch as it is based upon the causes of action for breach of contract.

Further, we dismiss the fifth, sixth and seventh causes of action based on promissory estoppel. Absent an unusual factual situation, not present here, estoppel is not available against a governmental agency exercising its governmental function *(D'Angelo v Triborough Bridge & Tunnel Auth.,* 65 NY2d 714).

Lastly, we dismiss the first and second causes of action asserted by the individual residential user of power because he has no standing to challenge the rates charged for replacement power reserved for industrial users *(see, Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158, 164; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Dismiss Complaint.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.