■ Epic Security Corp., Respondent, v City of New York et al., Appellants, et al., Defendant. [604 NYS2d 91] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered November 2, 1992, which denied defendants' motion for summary judgment dismissing the complaint pursuant to CPLR 3212, unanimously reversed, on the law and the facts, and the motion is granted, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In October, 1987, plaintiff's name was placed on the City's Vendex Consolidated Caution List ("the Vendex List") for providing unsatisfactory security guard services at two New York City Department of Finance ("DOF") facilities. In January 1990, plaintiff was turned down for a public contract and first learned that its name had been included on the Vendex List. Plaintiff commenced this action on June 19, 1990, seeking an order enjoining defendants from maintaining its name on the Vendex List, and seeking compensatory and punitive damages. Defendants moved for summary judgment dismissing the complaint upon the ground that plaintiff's action was barred by the four month limitations period applicable to CPLR article 78 proceedings (CPLR 217). The IAS Court denied the motion, finding that "the limitations period for an Article 78 proceeding either never started to run or was

tolled, and the instant proceeding was timely commenced" because "DOF"s decision to place [plaintiff] on the Vendex List was not 'final and binding' since DOF ignored the entire notice and hearing scheme set up by DOF in the Contract." However, even if, as plaintiff argues, defendants improperly placed plaintiff's name on the Vendex List in violation of due process of law, the challenged determination became final and binding in January 1990, when the plaintiff was turned down for a public contract and learned that its name had been placed on the Vendex List (Matter of Edmead v McGuire, 67 NY2d 714, 716; Solnick v Whalen, 49 NY2d 224, 227). Accordingly, summary judgment dismissing the complaint as time-barred should have been granted since plaintiff's action was commenced more than four months after it had received notice of the challenged determination (CPLR 217). Concur—Carro, J. P., Rosenberger, Kassal and Rubin, JJ.