■ In the Matter of LION CONSTRUCTION CORPORATION, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent. [701 NYS2d 62] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Labor, dated October 9, 1998, finding that the petitioner is the successor and/or alter ego of Lapeka Construction Corporation and that it is legally responsible to pay the sum of $99,946.07, including interest and penalties, based on a violation by Lapeka Construction Corporation of Labor Law article 8 for failing to pay prevailing wages and supplements and barring the petitioner from bidding on or performing public work as a contractor until April 11, 2000. Motion by the respondent to dismiss the proceeding.

Ordered that the respondent's motion to dismiss the proceeding is granted; and it is further,

Adjudged that the proceeding is dismissed, with costs.

The motion by the respondent New York State Department of Labor (hereinafter the DOL) to dismiss the instant proceeding as time-barred is granted. The petitioner does not dispute that the applicable Statute of Limitations is four months (*see,* CPLR 217 [1]; *see, Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 72). The Court of Appeals has stated that "[a] challenged determination is final and binding when it

'has its impact' upon the petitioner who is thereby aggrieved" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716, quoting *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357; *see, Matter of Village of Westbury v Department of Transp., supra*).

As applied to the instant case, the determination of the DOL that the petitioner was a successor to Lapeka Construction Corporation within the meaning of Labor Law § 220-b (3) (b) had its impact on the petitioner on October 19, 1998, when it received the final determination of the DOL. At that point, the determination of the DOL was "unambiguous and its effect certain", and thus, the applicable statutory period commenced on that date (*Matter of Edmead v McGuire, supra*, at 716). However, the petitioner did not commence the instant proceeding until approximately July 7, 1999, more than four months later. Therefore, the instant proceeding is time-barred.

The petitioner's contention that the DOL could not issue a final and binding determination without holding a hearing is without merit (*see, Epic Sec. Corp. v City of New York*, 198 AD2d 198), and the petitioner "may not assert constitutional claims in an attempt to subvert the Statute of Limitations provided by CPLR 217 when the essence of [its] challenge is to the specific actions of [the DOL]" (*Matter of Roebling Liqs. v Urbach*, 245 AD2d 829, 830). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.