■ In the Matter of JOSEPH PIRRONE, Appellant, v TOWN OF WALLKILL, Respondent. [774 NYS2d 361]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Wallkill dated October 12, 2001, which adopted the recommendation of a hearing officer, made after a hearing, finding that the petitioner is required to undergo spinal fusion surgery or forfeit General Municipal Law § 207-c benefits, the petitioner appeals from (1) a judgment of the Supreme Court, Orange County (Zambelli, J.), dated May 29, 2002, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated August 23, 2002, denying his motion, denominated as one for leave to renew and reargue, which was, in actuality, a motion for leave to reargue.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

On September 14, 1996, the petitioner, a police officer employed by the respondent, Town of Wallkill, injured his back while performing his duties. He subsequently began receiving benefits pursuant to General Municipal Law § 207-c. On or about October 16, 2000, the Town's Acting Police Chief directed the petitioner, in accordance with an examination on March 28, 2000, and report of an independently retained physician, to schedule spinal fusion surgery on or before October 30, 2000, or forfeit his benefits (*see Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480, 486 [1995]). As a result of his failure to comply with that directive, the petitioner was advised on or about December 4, 2000, that his benefits would be terminated.

On or about December 8, 2000, the petitioner exercised his right, pursuant to the collective bargaining agreement entered into between the Town and his authorized bargaining agent, for a hearing on this issue. On September 21, 2001, following a

three-day hearing, the hearing officer issued a report finding that surgery was a reasonable and appropriate treatment and recommended that the petitioner schedule the operation on or before November 1, 2001, or lose his benefits. The Town's supervisor adopted the hearing officer's recommendation on or about October 12, 2001, and on or about October 23, 2001, the petitioner notified the supervisor that the surgery was scheduled for February 5, 2002.

On or about January 8, 2002, however, the petitioner filed the instant proceeding, pursuant to CPLR article 78, seeking to vacate the determination as arbitrary and capricious. On May 29, 2002, the Supreme Court denied the petition and dismissed the proceeding because it found that the termination of benefits was "anticipatory rather than actual" and therefore the determination was not final (see generally CPLR 7801 [1]).

In the interim, on or about February 25, 2002, since the surgery scheduled for February 5, 2002, was not performed, the Town reiterated its determination to terminate the petitioner's benefits. However, the deadline was extended to on or about May 8, 2002. By order dated August 23, 2002, the Supreme Court denied the petitioner's motion denominated as one for leave to renew and reargue, which was, in actuality, a motion for leave to reargue.

The law is well settled that "where the determination is unambiguous and its effect certain, the statutory period [to institute a CPLR article 78 proceeding] commences as soon as the aggrieved party is notified" (Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; Cahill v New York State Div. of State Police, 304 AD2d 971 [2003]; Matter of Lion Constr. Corp. v New York State Dept. of Labor, 266 AD2d 394 [1999]; Matter of Allied Sanitation v Aponte, 142 AD2d 511 [1988]). Contrary to the Supreme Court's finding, the October 12, 2001, determination was final and binding on or about that date, when the petitioner was notified rather than on its effective date. Accordingly, this article 78 proceeding was not premature, and the Town's determination was capable of being reviewed.

However, in any event, the proceeding should be dismissed on the merits because the determination was neither arbitrary nor capricious. "[T]here was conflicting medical evidence" and the Town was "free to credit one physician's testimony over that of the other physician" (Matter of Segura v City of Long Beach, 230 AD2d 799, 800 [1996]; Matter of Flynn v Zaleski, 212 AD2d 706 [1995]).

Lastly, that portion of the petitioner's motion which was for leave to renew was not supported by new or additional facts,

which although in existence at the time of the prior motion, were not known to him, and therefor not made known to the Supreme Court (*see Goetschius v Board of Educ. of Greenburgh Eleven Union Free School Dist.,* 281 AD2d 418 [2001]). Accordingly, the motion denominated as one for leave to renew and reargue was, in actuality, a motion for leave to reargue, the denial of which is not appealable (*see Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392 [1997]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.