Matter of Zherka v Ramos (2019 NY Slip Op 04388)





Matter of Zherka v Ramos


2019 NY Slip Op 04388


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-00130
 (Index No. 2696/16)

[*1]In the Matter of Luan Zherka, appellant, 
v
Elissa Ramos, etc., et al., respondents.


Legal Services of Hudson Valley, White Plains, NY (Christopher F. Schweitzer of counsel), for appellant.
Gutman, Mintz, Baker & Sonnenfeldt, LLP, New Hyde Park, NY (Joseph Chiantella of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Westhab, Inc., dated November 11, 2017, terminating the petitioner's rental housing subsidy, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated November 22, 2016. The order and judgment, insofar as appealed from, denied the petition as time-barred and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner received a rental housing subsidy from the respondent Westhab, Inc. (hereinafter Westhab), as part of the Shelter Plus Care Program pursuant to former 42 USC § 11403. By letter dated November 11, 2014, Westhab notified the petitioner that his subsidy would be terminated effective December 12, 2014, for noncompliance with the program rules. Westhab advised the petitioner that he could obtain administrative review of the determination by scheduling a meeting with the agency's Director of Compliance/Quality Assurance, and provided him with an extension of time in which to do so. The petitioner failed to schedule a meeting within the extension period. By letter dated January 21, 2015, Westhab notified the petitioner that its determination to terminate him from the program was final. On August 25, 2016, the petitioner commenced this CPLR article 78 proceeding against Westhab and Elissa Ramos, the Director of Supportive Housing at Westhab, seeking review of the determination. The respondents opposed the petition, asserting, inter alia, the affirmative defense of the statute of limitations. The Supreme Court, inter alia, denied the petition as time-barred and dismissed the proceeding. The petitioner appeals.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). A determination becomes final and binding when "the agency reache[s] a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced (see Matter of Rodas v RISC Program, Family Servs., Inc., [*2]of Dutchess County, 163 AD3d 682, 683).
Here, Westhab's determination to terminate the petitioner from the program became final and binding on January 21, 2015, when it issued its letter stating that its preliminary termination decision was final and it ceased paying the petitioner's rental subsidy. According to the petitioner's affidavit, he received the letter in January 2015. Therefore, his petition, filed in August 2016, was untimely.
Contrary to the petitioner's contention, the letters he subsequently sent to Westhab and other agencies concerning his participation in the program, to the extent that they can be considered requests for reinstatement, did not toll or revive the statute of limitations (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976; Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683-684; Matter of Robertson v Board of Educ. of City of N.Y., 175 AD2d 836, 837; Matter of Hurwitz v New York City Hous. Auth., 92 AD3d 884, 885).
Contrary to the petitioner's further contention, his assertion that the opportunity Westhab afforded him for administrative review of the determination was insufficient did not toll or extend the statute of limitations (see Matter of Lion Constr. Corp. v New York State Dept. of Labor, 266 AD2d 394, 395; Epic Sec. Corp. v City of New York, 198 AD2d 198, 199; cf. Matter of Heck v Keane, 6 AD3d 95, 99; Matter of Johnson v Director, Downstate Med. Ctr., State Univ. of N.Y., 52 AD2d 357, 362, affd 41 NY2d 1061).
Accordingly, we agree with the Supreme Court's determination to deny the petition as time-barred and dismiss the proceeding.
In light of our determination, the petitioner's remaining contentions need not be reached.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court