Matter of Garvey v City of New York (2026 NY Slip Op 01512)

Matter of Garvey v City of New York

2026 NY Slip Op 01512

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-08715
 (Index No. 85163/22)

[*1]In the Matter of George Garvey, et al., respondents,
vCity of New York, et al., appellants.

Steven Banks, Corporation Counsel, New York, NY (Richard Dearing, Devin Slack, and Amy McCamphill of counsel), for appellants.
Law Office of Chad J. LaVeglia PLLC (The Gibson Law Firm, PLLC, Ithaca, NY [Sujata Sidhu Gibson], of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and an action for declaratory relief, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated October 24, 2022. The order and judgment, insofar as appealed from, denied the cross-motion of City of New York, New York City Department of Health and Mental Hygiene, New York City Department of Sanitation, David Chokshi, and Eric Adams pursuant to CPLR 3211(a) to dismiss the petition/complaint and granted stated portions of the petition/complaint.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, the cross-motion of City of New York, New York City Department of Health and Mental Hygiene, New York City Department of Sanitation, David Chokshi, and Eric Adams pursuant to CPLR 3211(a) to dismiss the petition/complaint is granted, and the proceeding/action is dismissed in its entirety.
Pursuant to an order of the Commissioner of the New York City Department of Health and Mental Hygiene dated October 20, 2021 (hereinafter the October 2021 order), all employees of the City of New York were required, inter alia, to provide proof of at least one dose of COVID-19 vaccination by October 29, 2021 (hereinafter the October 2021 order). The petitioners/plaintiffs (hereinafter the petitioners) are former employees of the New York City Department of Sanitation, and they failed to comply with the vaccination requirements of the October 2021 order. One petitioner retired early based on the October 2021 order and was not terminated. By separate letters received in February 2022, the remaining petitioners were notified that their public employment had been terminated.
In July 2022, the petitioners commenced this hybrid proceeding pursuant to CPLR article 78 to challenge the loss of their public employment and an action for declaratory relief against the City, New York City Department of Health and Mental Hygiene, and New York City Department of Sanitation, among others (hereinafter collectively the appellants). The appellants cross-moved pursuant to CPLR 3211(a) to dismiss the petition/complaint, inter alia, as time-barred. In an order and judgment dated October 24, 2022, the Supreme Court, among other things, denied the cross-motion and granted stated portions of the petition/complaint. This appeal ensued.
Pursuant to CPLR 217(1), "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he [or she] represents in law or in fact." "A challenged determination is final and binding when it has its impact upon the petitioner who is thereby aggrieved" (Matter of Edmead v McGuire, 67 NY2d 714, 716 [internal quotation marks omitted]; see Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721). "[W]here the determination is unambiguous and its effect certain, the statutory period commences as soon as the aggrieved party is notified" (Matter of Edmead v McGuire, 67 NY2d at 716; see Matter of Pirrone v Town of Wallkill, 6 AD3d 447, 448 ).
Here, in support of the petition/complaint, the petitioners submitted separate affidavits, in which all the petitioners except one acknowledged receiving a letter from the New York City Department of Sanitation in February 2022 informing them of the termination of their public employment. The one employee who did not acknowledge receiving the letter asserted that he retired earlier than expected because of the October 2021 order. The February 2022 notices of termination were final and binding within the meaning of CPLR 217(1), as they had an impact upon the petitioners and the petitioners knew they were aggrieved (see Matter of De Milio v Borghard, 55 NY2d 216, 220; Village of Northport v Krumholz, 169 AD3d 745, 746). Since the petitioners did not commence this proceeding/action until July 2022, which was beyond the applicable four-month statute of limitations of CPLR 217(1), the matter was time-barred, and the Supreme Court should have granted the appellants' cross-motion pursuant to CPLR 3211(a) to dismiss the petition/complaint.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court